# JOHN E. TRAVERS vs. WILLIAM H. DEAN.

*Appeal—Oysters—Jurisdiction of Circuit Court on Summary Petition to Vacate Location of Oyster Lot Under Code, Art. 72, sec. 46.*

When a statute confers upon a lower Court a special limited jurisdiction to decide a certain question, without a right to appeal therefrom, and the Court exceeds its jurisdiction and decides other questions as well as the one within its jurisdiction, an appeal lies to this Court from such decision.

Code, Art. 72, sec. 46, as enacted by the Act of 1894, ch. 380, provides that any citizen of full age of the county wherein he resides shall have the right to locate and hold one lot of five acres in any waters of this State, not already located, for the purpose of sowing and bedding oysters, provided thirty days' notice shall be given to the owner of the land bordering on the waters proposed to be located so that such owner may have priority of claim, and provided also that no natural bed or bar of oysters shall be so located, and should any one within twelve months be charged with locating any natural bed or bar, the question may be at once submitted, by any person interested, to the Judge of the Circuit Court who, after giving notice, shall decide the case, and if his decision shall be in favor of the party locating said five acres, said decision shall be recorded with the original record of said five acres. The petition in this case alleged that the respondent had located in the waters of Dorchester County a lot of five acres which was a natural oyster bar; that the respondent was not a resident of said county and was not the owner of land bordering on said location. The trial Court passed an order holding that the five acres in question were not a natural oyster bed but that since the respondent was a non-resident of said county he was not entitled to locate said lot and that the location should be set aside. *Held*, that under the statute the only question that could be determined on the summary petition was whether the five acres located was a natural oyster bed or not; that the Court was without jurisdiction to determine on that petition any other question affecting respondent's right to appropriate the five acres, and that therefore the order must be reversed.

Appeal from the Circuit Court for Dorchester County, (LLOYD, J.)

The cause was argued before McSHERRY, C. J., FOWLER, BRISCOE, BOYD, PEARCE, SCHMUCKER and JONES, JJ.

*Alonzo L. Miles* (with whom was *W. Laird Henry* on the brief), for the appellant.

The order of the Circuit Court was outside of and beyond the special, limited jurisdiction conferred upon it by the statute under which these proceedings were instituted, and, therefore, an appeal lies to this Court. *Acts 1894*, ch. 380, sec. 46; *Webster* v. *Cockey.* 9 Gill, 93; *Kimmear* v. *Lee*, 28 Md. 488; *Mears* v. *Remare*, 33 Md. 246; *Herzberg* v. *Adams*, 39 Md. 312; *Consumer's Ice Co.* v. *State*, 82 Md. 132; *Darrell* v. *Biscoe*, 94 Md. 684.

The right of a non-resident of the county to locate an oyster lot, and all other questions touching the validity of the location, except the question as to whether or not a natural bed or bar has been located and appropriated, is within the jurisdiction of a Court of equity and not within the jurisdiction of the special tribunal designated by the statute to determine the sole question of natural bed or bar *vel non:* *Hess* v. *Muir*, 65 Md. 586; *Powell* v. *Wilson*, 85 Md. 347; *Handy* v. *Maddox*, 85 Md. 547.

For example, the statute provides that before any citizen can locate a lot, he must give notice to the owner of the adjoining land. In *Handy* v. *Maddox*, above cited, the question of proper notice was passed upon by a Court of equity. Again the law provides that *not more than five acres* shall be located and appropriated for planting purposes, and that *no non-resident of this State* shall avail himself of the privilege of locating an oyster lot.

In *Hess* v. *Muir*, above cited, both these provisions were held to be enforcable in a Court of equity. If a Court of equity will take jurisdiction over the right of a *non-resident of the State* to locate and appropriate an oyster lot, as in *Hess* v. *Muir*, why has not the same Court jurisdiction in the case of a *non-resident of the county* whose right to do so is questioned?

If the Judge of the Circuit Court for Dorchester County had not jurisdiction, in the discharge of the special authority conferred upon him, to pass the order which he did in this case, then for that reason the order appealed from should be reversed.

The waters of the Nanticoke river so far as the common right of fishery is concerned are State waters, in which any citizen of the State may, under the statute, locate and appropriate an oyster lot. *Acts 1894*, ch. 380, sec. 46; *Smith* v. *State of Md.*, 18 Howard, 71; *Phipps* v. *State*, 22 Md. 380; *Bradshaw* v. *Lankford*, 73 Md. 429.

. If the law makes any discrimination as to the rights of citizens of the State to use any of the waters of the State for oyster purposes, the citizens of Wicomico and Dorchester have equal rights in the waters of the Nanticoke river. *Md. Code Supp.*, Art. 72, sec. 1; *Acts 1894*, ch. 380, sec. 1.

Section 1 of chapter 380 of the Acts of 1894, after stating to whom licenses may be issued to take or catch oysters in certain waters of the State, specifically provides that nothing therein contained shall be so construed as to prevent the citizens of Dorchester and Wicomico Counties from *using* the waters·of the Nanticoke river in common. The *using* of the waters in common we shall contend refers to the planting and bedding of oysters, as well as the taking and catching of oysters. In *Phipps* v. *State*, 22 Md. 389, the Court in constructing the statute conferring upon certain citizens the privilege of locating a lot for the purpose of planting or bedding oysters, says: "This privilege subtracts nothing from the common right of fishery, nor can it be said to operate as a grant of several rights from the common right residing in the body of the people." Applying that doctrine to this case, the common right of the citizens of Wicomico and Dorchester Counties to *use* the waters of the Nanticoke river in common must be held to include the right to plant or bed oysters.

*Harrington & Mace* and *Jno. R. Pattison*, for the appellee, submitted the cause on their brief.

By the proper construction of this Act the right to locate · and appropriate such lot is confined to a male or female citizen·of full age, resident of the county in·which the waters or lot proposed to be located and appropriated lies, and to such non-residents ·only who own the lands bordering upon said

waters or the lines of which extend into and are covered by the waters (or lot) sought to be located or appropriated.

The petition in this case contains the allegations that the lot so located and appropriated by the appellant, was a natural bar or bed of oysters, as well as the further allegation that the appellant was a resident of Wicomico county and therefore a non-resident of Dorchester county.   As the petition contained the allegation that the lot so located and appropriated was a natural bar or bed of oysters, the Court certainly acquired jurisdiction under said statute to hear and determine this question; this being true, was the Court confined to the determination of the single question, whether or not said lot so located and appropriated was a natural bar or bed of oysters, when once he had acquired jurisdiction.   The statute imposed upon the Judge, the duty of deciding whether or not the appellant had by such location and appropriation acquired title thereto, for the statute says "his decision shall be recorded with the original record of five acres and shall in all cases be conclusive evidence thereto," the statute provides what persons are entitled to the rights conferred thereby and what shall be done by them to avail themselues of such rights.   To determine the question of title, it is necessary not only to determine the question as to whether said lot so located and appropriated is a natural bar or bed of oysters, but it is likewise necessary to determine whether or not the person so locating and appropriating said lot is of that class of persons entitled, under the statute, to the rights thereby conferred, and that such person in attempting to avail himself of such right has complied with the provision of said statute, in order that he, the Judge, may pass upon the title to said lot, so located or appropriated.

JONES, J., delivered the opinion of the Court.

This case presents a peculiar question, and arises upon the construction to be given to Section 46 of Article 72 of the Code of Public General Laws as enacted by the Act of 1894, chap. 380.   The Act was evidently intended to encourage

and regulate the cultivation and planting of oysters by private individuals, citizens of this State. After preserving to the owner of land bordering upon any of the navigable waters of the State "the exclusive privilege of using the same for protecting, sowing, bedding or depositing oysters and other shell fish within the lines of his own land," where these lines "extend into and are covered by said waters;" and to the owners of land "lying and bordering" on any waters of this State a priority of right "to locate and appropriate in any of the waters adjoining his lands one lot of five acres" for a like purpose, the Act among other things provides that "any male or female citizen of full age, of the county wherein he or she resides, shall have power to locate and appropriate, and hold one lot of five acres, and no more in any waters in this State not located or appropriated; provided, thirty days' notice in writing shall be given the owner or occupant of land bordering on said waters proposed to be located, that the owner or occupant may have priority of claim."

Then after certain other provisions there is this proviso; "that no natural bar or bed of oysters shall be so located or appropriated, and that twelve months' peaceable possession of all locations of oyster grounds under the laws of this State, shall constitute a good and sufficient title thereto; but should any one within twelve months be charged with locating or appropriating any natural bed or bar hereinbefore prohibited, the question may be at once submitted by any person interested to the Judge of the Circuit Court for the county where such questions shall arise, who, after having given notice to the parties interested, shall proceed to hear the testimony and decide the case; and if his decision shall be in favor of the party locating said five acres, said decision shall be recorded with the original record of said five acres, and shall in all cases be conclusive evidence of title thereto."

From the record it appears that on the 17th of March, 1903, the appellee filed with the Judge of the Circuit Court for Dorchester County, a petition alleging that the appellant had recently and "within twelve months last past located and

appropriated five acres in the waters of the Nanticoke River, in Dorchester County, ———— for the purpose of protecting, depositing, bedding or sowing oysters or other shell fish;" that said five acres was at the time of filing the petition and at the time of its location and appropriation a natural bar or bed of oysters ; that the appellant was not at the time of so appropriating the said five acres the owner of any land bordering on the said river the lines of which extended into and were covered by the waters thereof wherein the said five acres is so located; that the said lot of five acres is not located in any waters adjoining lands owned by the appellant and bordering on said waters; that the appellant was a non-resident of Dorchester County wherein the said five-acre lot is located ; and alleging that the appellee was, by the act of the appellant complained of, seriously injured in his right to take oysters, prayed "that the location and appropriation of the said five acres by the appellant might be annulled and vacated."

The appellant answered the petition admitting his location of the five acres as alleged but denying that the said lot of five acres was a natural bed or bar of oysters as charged; admitting that he was not the owner of any land bordering on the Nanticoke river; averring that the allegation that he was not a resident of Dorchester County was insufficient in law; and denying the jurisdiction of the Judge to inquire into any question other than that whether or not the five acres located and appropriated by him as described in the appellee's petition is a natural bed or bar of oysters.

The Judge passed in the case the following order: "Evidence having been heard upon the allegations in the above entitled case, and being of opinion that the lot described in the certificate is located in Dorchester County and is not a natural bed or bar of oysters, but it being admitted that the said John E. Travers (appellant), is and always has been a non-resident of Dorchester County and a resident of Wicomico County, as alleged in said petition and that he owns no land in Dorchester County, and was not the owner of any land in Dorchester County at the time the said lot was located

and appropriated, and is not the owner of any lands border-
ing on the Nanticoke river, the lines of which extend into and
are covered by the said waters wherein the said lot was so
located and appropriated, said lot being located and appropri-
ated within the limits of Dorchester County, and being of
opinion that the said Travers (appellant), is not entitled to
appropriate and hold said lot because of his non-residence in
Dorchester County, and should not hold the same I refuse to
dismiss said petition, but adjudge, order and decree that said
lot be and is hereby vacated and set aside."

From this order the appeal in this case was taken. The
contention of the appellant is that the Judge who passed the
order was without jurisdiction to adjudicate and determine
any question other than the one whether the five-acre lot re-
ferred to in the order was or not a natural bed or bar of
oysters; and that having in the order undertaken to adjudi-
cate other matters as to which no jurisdiction was given him
by the statute under which the proceedings set out in the
record were had, there is error in the order for the correction
of which an appeal lies to this Court. There can be no doubt
that, whatever matters the statute in question intended to re-
fer to the Judge for trial under the provision giving him juris-
diction which has been recited, the jurisdiction conferred was
special, limited and peculiar; and if it has been exceeded in
the order here under consideration the order can be reviewed
in this Court and reversed even though no appeal has been
provided for  *Kinnear et al.* v. *Lee et al.,* 28 Md. 488–491.

The question then is, what are the limits to the inquiry the
Judge was to make; and what had he the authority to decide
under the statute creating the jurisdiction that he was exer-
cising in this case. The statute deals with a number of con-
ditions in the provisions it makes for private oyster culture.
Some of these precede and some follow the provision that no
natural bar or bed of oysters shall be located or appropriated.
In immediate connection with this last named provision occurs
the one under which the jurisdiction, such as was exercised
in this case, is conferred. This jurisdiction is not in terms ex_

tended to any question in respect to any of the other conditions or provisions of the statute—either those which precede or those which follow the one excluding natural beds or bars of oysters from private location and appropriation.    The object of the statute in forbidding the location and appropriation to private ownership of natural bars or beds of oysters, while it was providing for private oyster culture, was to preserve for the common benefit of the people of the State these natural bars or beds and the more effectually to protect the public right in that regard a summary and speedy mode of making and having decided questions as to the existence of natural bars or beds at the points of attempted private location was provided in the jurisdiction and authority given to the Judges to hear and determine in the mode pointed out in the statute questions of that character.    The power to be exercised by the Judges to that end was therefore in the nature of the police power and could be appropriately conferred upon a special jurisdiction to be exercised in a summary way. Other matters embraced in the order which is the subject of this appeal might give rise to questions which could not be dealt with in this way.    Questions as to ownership of land might be presented in such a way as to involve title to the particular lands under wills or deeds, making necessary the construction of these; or the location of lines in a particular deed if it were a question as to whether a five-acre lot located under the statute was included in the lines of the deed.    It would be manifestly inappropriate to commit such questions as these to a special jurisdiction to be disposed of in a summary way; and an intention to do this upon the part of the Legislature or to attempt to do it is not to be presumed.

The matters last alluded to as embraced in the order of the Court below, beyond the question as to whether the five-acre lot in controversy was a natural bar or bed of oysters, are not within the object of the provision of the statute, here in question, creating the jurisdiction which the Judge was exercising in passing the order.    The statute does not in terms provide for their submission to the jurisdiction created for determin-

ing the question of the existence *vel non.* of natural oyster bars or beds nor is their determination in any way necessary to the decision of the question which the statute in terms commits to such jurisdiction.　From no point of view does it seem they can be brought within the authority under which the Court below proceeded to pass the order here appealed from.　Having disposed of the question of whether the five-acre lot which was the subject of controversy was a natural bed or bar, in proceeding to determine the other matters covered by the order the jurisdiction conferred by the statute was exceeded and for that reason the order appealed from must be reversed and the case remanded.

> *Order reversed and case remanded with costs to appellant.*

(Decided December 3rd, 1903.)