## SCHERR ET AL. *v.* BRAUN ET AL.

[No. 59, October Term, 1956.]

554

556

*Decided January 10, 1957.*

The cause was argued before Brune, C. J., and Collins, Henderson, Hammond and Prescott, JJ.

*Albert L. Sklar,* with whom were *Maurice Cardin, Theo-*

*dore S. Miller, J. Leonard Feinglass* and *Sklar, Blacker & Sullivan* on the brief, for the appellants.

*John J. Ghingher, Jr.,* with whom were *J. Thomas Nissel* and *Weinberg & Green* on the brief, for the appellees.

HAMMOND, J., delivered the opinion of the Court.

The Board of Liquor License Commissioners for Baltimore City granted appellants a package goods license for their food market. The Baltimore City Court, on appeal by protestants, reversed the Board because "There are far too many licenses in this area now." The court construed the language of Code, 1951, Art. 2B, Sec. 166 (d) (3), that "The failure of the court to determine an appeal within a period of 30 days after the record has been filed in court by the local board as above provided, shall constitute an automatic affirmance of the local board's decision, unless the time has been extended by the court for good cause shown", to be directory and reversed the Board more than thirty days after the record had been filed, over objection of appellants. The applicants for the license urge upon us that this Court has jurisdiction to hear and determine the case under Code, 1951, Art. 2B, Sec. 166 (e), which provides that where any Circuit Court or the Baltimore City Court "shall in any case finally decide a point of law at variance within any decision previously rendered by any other Judge of the State on the same question, an appeal may be taken from the decision rendered to the Court of Appeals of Maryland." They contend that Judge Macgill, in the Circuit Court for Howard County, decided before Judge Byrnes acted that the court had no power to act on an appeal from the License Board after thirty days from the time the record had been filed, because the statute is mandatory. Appellants ask us to resolve this conflict between the decisions of Judge Byrnes and Judge Macgill, and to hold that the statute is mandatory.

Appellees moved to dismiss the appeal, saying that the essential prerequisites of Sec. 166 (e) are not here present. The record shows the sequence of events in 1956 to have been this: the appeal was filed in the Baltimore City Court on January

558

20. The record from the Board was filed on January 27. Appellants intervened as party defendants on February 1. On March 22, appellants petitioned the court to "pass an order constituting an automatic affirmance of the decision by the Board of Liquor License Commissioners for Baltimore City" because the court had failed to determine the appeal within the thirty day period and the time had not been extended "by the court for good cause shown" within the thirty days. On April 20, the court passed its order that the appeal should be heard on some future date and extended the time for the determination of the appeal for a period ending fifteen days after the conclusion of the hearing. The appeal was heard and decided on May 1, and an opinion was filed by Judge Byrnes on May 15. Two days later, appellants appealed to this Court from the ruling of the Baltimore City Court under "date of April 20, 1956" and from the "decision of the Baltimore City Court on the date of May 1st, 1956, whereby the decision of the Board of Liquor License Commissioners for Baltimore City was reversed * * *." On July 12, Judge Byrnes gave formal approval "to the insertion in the Record to be sent to the Court of Appeals * * * of the following:" (1) certified copy of docket entries in the case of *Harding v. Scott, et al.,* (constituting the License Commissioners) in the Circuit Court for Howard County; (2) letter of counsel of record for the Howard County Board, dated May 28, 1956; (3) letter of Judge James Macgill, Fifth Judicial Circuit, Ellicott City, Md., dated June 28, 1956. The docket entries in *Harding v. Scott* show that the appeal was from the decision of the Board of License Commissioners of Howard County, that the transcript of the record was filed on October 25, 1955, and that on March 9, 1956, on motion of the attorney for the Board in open court, Judge Macgill dismissed the appeal. The letter of counsel for the Board states that he was counsel, that the Board denied the application for a license and that an appeal was filed. The letter continued: "The case remained on the docket for a period in excess of thirty days, and at a call of the docket in open Court, * * * I offered a motion to dismiss the appeal under the provisions of Section 166 (d) (3) of Article 2B of the Annotated Code of Maryland. The Court granted the motion

under the provisions of that Section." Judge Macgill's letter acknowledges receipt of a copy of the lawyer's letter and says: "The motion referred to was granted under the provisions of Section 166 (d) (3) of Article 2B of the Code, inasmuch as the appeal was not determined by this Court within thirty days after the record had been filed. I believe, however, that the docket entries should have properly read (although they do not) 'decision of the Board of License Commissioners affirmed with costs.' "

The appellees say that the letters from counsel and Judge Macgill are not properly part of the proceedings in the Howard County court and should be disregarded, leaving only the docket entries showing that the motion to dismiss was made and granted in open court. This, they say, falls short of showing that the case was decided on the ground that the automatic affirmance provision of the statute is mandatory. They argue further that even if Judge Macgill's letter be regarded as part of the record of the proceeding in the Circuit Court for Howard County, it does not construe Sec. 166 (d) (3) to be mandatory but, rather, can be taken to mean that the court's action was in the exercise of a discretionary power; in other words, that Judge Macgill is saying that he could have dealt with the appeal but, in the exercise of his discretion, preferred to rely on the statute.

We think neither contention is tenable. One who seeks to have this Court review the action of a lower court on appeal from a license board has been told that "The obligation rests upon the appellant to show that the trial Judge decided a point of law at variance with the decision of another Judge of the State on the same question." He has been told also that the existence of a conflicting opinion on a question of law is essential to the right of appeal, and such a basis for appeal should be shown in the record. *Suttleman v. Board of Liquor License Commissioners,* 209 Md. 134, 137.

The certified copies of the docket entries from Howard County show that nothing had taken place in the case from the time of the filing of the record in October until the motion to dismiss the appeal in March. There was presented on the face of the docket entries the situation calling for the ap-

plication of Sec. 166 (d) (3). Looking to the letter of counsel for the Board only for background, we think that Judge Macgill's letter (approved as it was by Judge Byrnes for inclusion in the record) can be considered, under the circumstances, the equivalent of an opinion explaining the court's action that the docket entries were to reflect. To permit a somewhat inartificial showing of the existence of the decision in conflict with that below of the case on appeal, is not the same as approving or condoning an informal or unofficial record in the case on appeal. In *Suttleman v. Board of Liquor License Commissioners, supra,* the record failed to show that the point of automatic affirmance under Sec. 166 (d) (3) had been made in the trial court, and it was said, therefore, that the foundation for an appeal on the point was lacking under the rules. Here the record in the case before us is complete and presents the point for decision. The record in and the result of the conflicting case is not before us for review, but the showing that it exists is necessary to establish jurisdiction here. The essential thing is that it appear from the record that there is a conflicting decision. When the Supreme Court takes jurisdiction to decide a conflict between Circuits, it often relies on the official reports, as to one of the Circuits at least, to disclose the conflict. Here we feel we can properly rely on the certified copy of the docket entries supplemented by Judge Macgill's signed opinion, approved for inclusion in the record of the pending case by the trial court. We treat the letter as if, as would have been entirely in order, it had been filed late as an opinion in the Howard County case. In *Brashears v. Lindenbaum,* 189 Md. 619, a certified copy of the opinion claimed to be conflicting was attached without leave of court to a "Statement in Support of Order of Appeal". It was considered here. In *Gianforte v. Board of License Commissioners,* 190 Md. 492, copies of the conflicting opinions were included in the record and the question of conflict was treated as properly presented. In *Title Co. v. McCulloh,* 108 Md. 48, 53, Chief Judge Boyd stated for the Court that chancellors in Baltimore need not give written opinions but if they did, the opinion should be included in the record "or in some way be brought before us * * *." Although an appeal is from the ac-

tion of the court, not from the opinion, the opinion may be looked to for the establishing of matters therein set forth. *Beasley v. Ridout,* 94 Md. 641, 649.

Consideration of the docket entries and Judge Macgill's letter convinces us that Judge Macgill dismissed the appeal in the *Harding* case on the ground that under the statute he had no jurisdiction or power to do anything else since thirty days from the filing of the record had elapsed without decision or previous extension of time. It is likewise plain to us that after this decision "previously rendered", Judge Byrnes finally decided the point of law "at variance" with the prior holding. This being so, we think we are required to decide the meaning and effect of the statute which meant one thing to Judge Macgill and another to Judge Byrnes.

This Court has held that if necessary to carry out legislative intent, there may be ascribed to "mere words" or "particular words" not their literal or natural meaning but the meaning and effect that the "whole surroundings, the purposes of the enactment, the ends to be accomplished, the consequences that may result from one meaning rather than from another" indicate they should have. *Upshur v. Baltimore City,* 94 Md. 743, 757; *Young v. Lynch,* 194 Md. 68, 73. Other subsidiary tests have been applied in searching for intention. Where the directions of a statute look to the orderly and prompt conduct of business, including the business of a court, it is generally regarded as directory unless consequences for failure to act in accordance with the statute are set out. Statutory provisions fixing the time for performance of acts are held to be directory where there are no negative words restraining the doing of the act after the time specified and no penalty is imposed for delay. *Crawford, Statutory Construction,* Secs. 268, 269. In *McCall's Ferry Co. v. Price,* 108 Md. 96, 113, the constitutional provision that the Court of Appeals shall decide cases in three months was regarded as directory, and in *Snyder v. Cearfoss,* 186 Md. 360, 370, the similar provision that the trial judges shall render their decision within two months of submission of the case was held not to deprive the court of jurisdiction to act after the expiration of two months. In each of those cases, however, no

consequences were attached to the failure to act and there were no words denying exercise of power or authority after the time named. In the statute now under consideration, there are specific consequences of a failure to act, and an implication in the literal language that is a negation of the right to act after the time specified. That the words of the statute mean what they would normally mean is indicated by the statute's background and purposes, and the consequences which may result from one meaning rather than the other.

Prior to the enactment of the statute in 1943, provision for review by the trial courts was granted in only one or two jurisdictions; perhaps because the privilege of selling alcoholic beverages is not a property right. There was an appeal from most local licensing boards to the State License Bureau. The then governing statute, Code, 1939, Art. 2B, Sec. 63, made it the duty of the Bureau to hear and determine all such appeals "within thirty days from the date of the receipt of the papers" from the local board. The Attorney General, in 27 Op. 59, construed this statute to mean that the Bureau had a duty to act but that "There is no provision in Section 63 which compels or necessarily tends to the conclusion that failure to act within the 30 day period nullifies a decision when made." The next year the Legislature undertook to authorize appeals from the license boards to the courts and, in doing so, put in the new statute the very provision that the Attorney General's opinion said would have made the earlier statute mandatory. In other words, the Legislature attached a consequence to the failure to act within the thirty day period. The consequence was that the license board was affirmed automatically by mandate of the statute if the court did not act in due time. We find this to be highly significant.

The action of the Legislature in requiring speedy decisions in appeals from license boards and insuring affirmance of the board if its mandate was not heeded, is consistent with its very evident desire to limit and circumscribe the right of appeal. As is noted in *Brashears v. Lindenbaum*, 189 Md. 619, 626, the statute gives very clear indication of the Legislature's intention "to restrict the right of appeal at every stage." The duty of deciding the propriety of granting or refusing a license

and of passing on the facts is confided to the local board. On appeal to the trial court, the action of the local board is presumed to be proper and to best serve the public interests. The appellant bears the burden of proof of showing that the decision is against the public interests or that it was arbitrary or fraudulent, unsupported by any substantial evidence, or illegal. The decision must be made within thirty days or by virtue of the statute there is an automatic affirmance of the board's action. It is then set forth in Code, 1951, Art. 2B, Sec. 166 (e) that: "The decision of the court thus given shall be final and effective at once * * * nor shall there be any other remedy by which the local board's decision may be reviewed in court, either by way of mandamus, injunction, certiorari or otherwise." It is apparent that in giving the right of appeal to courts, the Legislature conferred a special statutory jurisdiction on the courts and made the exercise of that jurisdiction the only right of the court to review the local board, to the exclusion of any common law remedy. No principle is better established than that in exercising a statutory power, a court is without jurisdiction unless it complies with the statute. The principle has been applied in many situations. It was noted in connection with attachment in *U. S. Express Co. v. Hurlock,* 120 Md. 107, 112; in connection with zoning in *Johnson v. Board of Zoning Appeals,* 196 Md. 400; and in connection with licenses for horse racing in *Close v. Southern Md. Agri. Assoc.,* 134 Md. 629, 643. In *Travers v. Dean,* 98 Md. 72, the statute involved gave to any citizen of full age "of the county wherein he or she resides" power to appropriate an oyster bed of five acres provided it was not a natural bed or bar. The question as to whether a bed was a natural one could be submitted by any person interested to the judge of the circuit court. The trial court held the bed in question was not a natural bed but that the claimant was a non-resident of the county and so not entitled to appropriate the bed. This Court said the lower court had no authority to decide anything except whether the bed was or was not a natural one because the statute conferred no other jurisdiction, and so had no right to make the decision it did as to non-residence, under the limited power given it. See also *Kinnear v. Lee,* 28 Md. 488.

In *Cox v. Bryan,* 81 Md. 287, 288, the appeal was by one aggrieved by the action of a registration official who had struck appellant's name from the list of voters. The statute provided that the appeal to court should be within one week after revision day. The state's attorney and the appellant agreed that the latter could file his appeal late. The judge signed an order granting the appeal *nunc pro tunc,* more than a week after final revision, as of a day within the proper week, in accordance with the agreement. It was held by this Court that the lower court had no jurisdiction since "\* \* \* neither the agreement of counsel nor the order of Court can confer jurisdiction in a case where the law does not authorize the Court to take cognizance of the matter. This is a proceeding under a statute, and to give the Court jurisdiction, the requirements of the Act must be strictly complied with." It was said that the requirement as to the appeal was mandatory and not directory. The specification of time was held not to be modal but "\* \* \* so interwoven with the authority granted, as to form in itself a part of it." See also as to the limited jurisdiction of courts in workmen's compensation appeals, *Switkes v. John McShain,* 202 Md. 340, 345, and cases therein cited.

Despite the fact that the right to a liquor license is not a property right, if we assume without deciding that a court would have the inherent right to deal with a license board's action if arbitrary, capricious or illegal, there is no doubt that the Legislature can, as it did here, regulate the manner and time of taking and concluding an appeal and make the remedy and its procedures exclusive, particularly where the court's power, although limited, extends to correction of errors of law, and so necessarily includes power to review unreasonable or illegal action at the board level. *Robertson v. Board of Appeals,* 210 Md. 190; *Johnstown Coal & Coke Co. v. Dishong,* 198 Md. 467; *Albert v. Public Service Commission,* 209 Md. 27.

The consequences that result from the interpretation of the statute as mandatory give weight to the validity of that reading. For good cause shown, any judge of the court to which the appeal has been taken may extend the time for the determination of the case. In this way, the court has full control of

the matter. It can meet any practicality that may arise. True, the obligation is cast upon the parties to make sure that the court in due time either decides the case or passes the proper order of extension. Such an order must be passed within a prescribed period or be ineffective. This is not an unusual requirement. The rules of this Court require that transcripts must be filed within a stated period unless an extension of time has been granted before the expiration of that time. It has never been suggested that failure to extend the time within the prescribed period would not put it beyond the power of the Court to permit the filing, absent extraordinary circumstances. In *Laurel Canning Co. v. B. & O. R. R.*, 115 Md. 638, the rule of court provided that if a case remained on the stet docket for four terms, it should abate and no further action be had thereon, but before it abated it could be transferred from the stet docket to the trial docket on proper application. The Court held that the rule was valid and if a case was permitted to remain on the stet docket for four terms, it must abate.

There is no doubt that statutes relating to judicial action, although often held to be directory, are in proper cases held to be mandatory. *Crawford,* work cited, Sec. 267, p. 533, puts it in this wise: "Similarly, if the court's jurisdiction is dependent upon the existence of certain facts or conditions, their existence is a condition precedent to the jurisdiction of the tribunal and cannot be dispensed with; for the court clearly cannot dispense with what the legislature has made the foundation of its jurisdiction or right to act." The author continues in the succeeding section: "But if a statute creates a new remedy or right not known to the common law and prescribes a certain mode for its enforcement, it must be given a mandatory construction." In *International Brotherhood, etc. v. Shapiro* (Conn.), 82 A. 2d 345, the Court held directory a statute similar to the old Maryland statute as to the duty of the State License Bureau, but suggested that the decision would be otherwise as to another statute of the state that made an arbitration award of no legal significance if not passed within sixty days, since in the latter statute the consequences of failure to act and a penalty were prescribed. In *Whitley*

*v. Superior Court,* 113 P. 2d 449, 452, the Supreme Court of California was construing a statute reading that when a new trial is granted on the ground of insufficiency of evidence: "* * * the order shall so specify this in writing and. shall be filed. with the clerk within ten days after the motion is granted; otherwise, on appeal from such order it will be conclusively presumed that the order was not based upon that ground." The lower court entered a *nunc pro tunc* order after the ten day period. It was held that the right to move for a new trial` was purely statutory and the mode of its exercise and the limit of the right may be regulated. The Court decided that the statute was mandatory and applied to *nunc pro tunc* orders, as well as to original orders. See also *Simpson v. Winegar* (Ore.), 258 P. 562.

We think the restriction on the court's right to act after thirty days is not modal but is so interwoven with the special authority granted the court as to be a part of it, a limitation on its powers. We read the statute as if it said in terms to the Courts: "You have thirty days to decide the appeal—or as ' much longer as you have, within the thirty days, extended the time. If you fail to act within the stated time, the authority given in the first instance to decide or act in the case is automatically withdrawn and you have no further power whatever in the matter." So reading the statute we find the decision of the appeal was beyond the power of the Baltimore City court and its order is reversed. The result is the affirmance of the Board.

*Order reversed, with costs.*

HENDERSON, J., delivered the following concurring opinion, in which PRESCOTT, J., concurred.

I agree that the appeal in this case properly raises the question whether the provision of the Statute, Code (1951), Art. 2B, sec. 166 (d) (3), is directory or mandatory, and I also agree that it is mandatory insofar as it calls for an "automatic affirmance * * * unless the time has been extended by the court for good cause shown." I do not agree that the court has no further jurisdiction in the matter after the judgment is entered.

Rule 1, of the Rules of Practice and Procedure, under VI,

"Revisory Power of Courts Over Final Judgments, Orders and Decrees", provides: "For a period of thirty (30) days after the entry of any judgment, order or decree, final in its nature, or thereafter pursuant to motion filed within such period, the Court shall have the same revisory power and control over such judgment, order or decree as it had during the term at which it was entered under the practice heretofore existing. After the expiration of such period the Court shall have the same revisory power and control over such judgment, order or decree as it had after the expiration of the term at which it was entered under the practice heretofore existing." Rule 2 declares that Rule 1 supersedes certain specified statutory provisions of the general and local laws, "and any other statutes and rules of court to the extent inconsistent with this rule." These rules were adopted, of course, pursuant to the powers conferred or recognized in the Maryland Constitution, Art. IV, sec. 18A. We pointed out in *Tiller v. Elfenbein,* 205 Md. 14, 21, that the rule is based on a sound policy. I see no reason to restrict its application so as to exclude cases where the legislature confers a "special statutory jurisdiction on the courts". The legislature can allow or decline to allow an appeal in any case. It has allowed an appeal from the Board in this type of case, and there is no contention that it was not timely, or that the court lacked jurisdiction to entertain it, as in the cases cited. True, the legislature called for "automatic affirmance" under certain conditions. It did not say that thereafter the court would have no jurisdictional power to reopen. I think the matter is procedural in its nature and not jurisdictional. Being procedural, it is within the power of this Court, by rule, to modify or change an existing statute. The rule is in terms applicable to "any judgment."

The difficulty in the instant case is that the record was received in the trial court on January 27, and since there was no seasonable extension of time the judgment was ripe for entry on February 26. The appellants filed no motion to strike within thirty days from that date, or indeed at any time, and the motion for "automatic affirmance" filed by the appellants on March 22 can hardly be considered a motion to

reopen within the meaning of the rule. Nor can the court's order of April 20 be deemed an exercise of its revisory power. There is no showing that grounds existed, such as fraud, surprise or mistake, for reopening the judgment after the lapse of thirty days from February 26. It is apparent that the court erroneously relied upon the directory character of the statutory provision. For these reasons I concur in the result. I think, however, that it is unfortunate, and unnecessary to a decision of the case, that the decision be rested on a lack of jurisdiction in the trial court to reopen the judgment in a proper case. I think this question should have been left open.

JUDGE PRESCOTT authorizes me to say that he agrees with the views here expressed.