PEARCE ET AL. *v.* BOARD OF LIQUOR LICENSE COMMISSIONERS OF BALTIMORE COUNTY ET AL.

[No. 232, September Term, 1961.]

516

*Decided May 8, 1962.*

The cause was argued before BRUNE, C. J., and HENDERSON, HORNEY, MARBURY and SYBERT, JJ.

*George W. Constable* and *Francis N. Iglehart, Jr.,* for the appellants.

*Harris James George,* with whom was *William S. Baldwin* on the brief, for Harry R. Becker, one of the appellees.

Submitted on brief by *Johnson Bowie* and *Edward D. Hardesty* for the Liquor Board, the other appellee.

SYBERT, J., delivered the opinion of the Court.

This appeal questions the propriety of an order of the Circuit Court for Baltimore County which dismissed an appeal from a decision of the Board of Liquor License Commissioners of that county on the ground that the appeal had not been determined by the Circuit Court within thirty days after the record was filed, as purportedly required by statute.

Harry R. Becker, an appellee in this case (along with the Liquor Board), applied for and was granted a Class B (on sale) beer, wine and liquor license on March 8, 1961, after a hearing before the Board at which certain residents of the neighborhood (appellants here) had voiced their opposition. One of the unsuccessful contentions of the protestants was that Becker had not provided on his behalf the signatures of ten persons qualified as registered voters and owners of real estate located within one mile of the premises as required by Code (1957), Art. 2B, §§ 56 and 57. A map of the properties in the area had been introduced at the hearing to support this contention.

On April 7, 1961, the appellants filed an appeal in the Circuit Court from the decision of the Board and on April 26 the Board filed an answer. A transcript of the testimony before the Board and certain exhibits were filed in the Circuit Court by the secretary of the Board on May 17, 1961. When counsel for appellants noted that the above-mentioned map was not included among the exhibits he notified the secretary of the Board. Her actions to rectify this situation will be referred to hereinafter.

On June 8, 1961, the applicant for the liquor license, Becker, filed a petition to intervene in the appeal to the Circuit Court, which was granted.

Appellants filed a motion on June 20, 1961, for extension of time for the hearing of the appeal. On the same day a motion was filed by Becker to dismiss the appeal on the ground that it had not been determined by the court within thirty days from the time of transmittal of the record of the case to the court from the Board, nor had the time been extended for good cause shown, such failure allegedly constituting an automatic affirmance of the Board's decision under § 175 (e) (3), Art. 2B, Code (1957), which reads: "The failure of the court to determine an appeal within a period of 30 days after the record has been filed in court by the local board as above provided, shall constitute an automatic affirmance of the local board's decision, unless the time has been extended by the court for good cause shown." After a hearing on June 22, 1961, Judge Lindsay dismissed appellants' motion for an extension of time for the hearing of the appeal and instead granted Becker's motion to dismiss the appeal for the reason stated in the motion, basing the decision in part on his opinion that a failure to include the map exhibit in the record sent by the Board would not mount up to a failure to include all "pertinent papers" as required by § 175 (c) of Art. 2B. A motion to strike the pleadings of the intervenor was overruled and a final order was signed on June 23, 1961, affirming the action of the Board in granting the license. On July 21, 1961 appellants noted an appeal from that order to this Court.

The jurisdiction of this Court to hear the appeal is challenged by appellees on the ground that the decision of the trial court is not at variance upon a point of law with any previous *nisi prius* decision, as required by § 175 (f), Art. 2B, Code (1957), in order for an appeal here to lie. It is settled that in the absence of this condition the decision of a lower court in an appeal from a liquor board is final. *Zacierka v. Burns,* 224 Md. 64, 166 A. 2d 736 (1961). However, appellants have included in the record a certified copy of the docket entries in the case of *Renz et al. v. Board of Liquor License Commissioners of Baltimore County,* Misc. Docket 6, Folio 204, of the Circuit Court for Baltimore County, and a copy of a letter from Judge Raine explaining his decision in that case. Their inclusion in the record is sufficient to permit us to consider

the prior opinion in regard to its possible variance with the decision in the instant case. *Scherr v. Braun,* 211 Md. 553, 128 A. 2d 388 (1957).

The docket entries in the *Renz* case show that after the transcript of proceedings before the Liquor Board in that case was filed in the Circuit Court on December 18, 1959, no further action was taken until more than thirty days had elapsed when, on February 4, 1960, a petition and order for extending the time for hearing was filed. On February 18, 1960, a motion to dismiss the appeal was entered in open court, but was overruled by Judge Raine on the ground that the *entire record* had not actually been filed until the day of the hearing on February 18, 1960, and therefore the thirty day period had not commenced to run until that time. In the instant case, Judge Lindsay ruled that it was only necessary that all *pertinent papers* be filed, and not the entire record, in order to constitute filing of the record within § 175 (e) (3) of Art. 2B. His decision was plainly at variance with that of Judge Raine as to a point of law. We are therefore required to review the action of the lower court in this case.

I

Appellants first argue that § 175 (e) (3), Art. 2B, Code (1957), requiring an appeal from a liquor board to be determined within thirty days from the filing of the record (unless the time has been extended), has been superseded by Rule 1101 of the Maryland Rules (1958 ed.),[1] which contains provisions in regard to the procedure to be followed with respect to appeals from decisions of administrative agencies. Appellants point to certain explicit conflicts between some of the procedures provided in § 175 and those in Rule 1101, and cite a note of the rules committee stating that one of the purposes of Rule 1101 was to endeavor to bring uniformity to this field.

It is true that there are explicit conflicts between certain of the procedural provisions contained in the statute and the rule.

---

1. Now included in Subtitle B, Chap. 1100, of Maryland Rules (1961 Ed.).

However, there is no conflict with respect to the time limit set for the determination of an appeal in § 175(e)(3), since Rule 1101 is altogether silent as to a time limit for hearing or determination of appeals from administrative agencies. It is obvious that the rule was not intended to supersede the statute. That conclusion is borne out by the action taken at the 1962 legislative session, recently concluded. At that session the Legislature passed Senate Bill No. 70, which was enacted as Chapter 36, Laws of Maryland, 1962. That Act was designed to remove from the statutes all provisions which had been superseded by the rules. It dealt in part with some of the inconsistencies between § 175 and Rule 1101, alluded to by appellants. The significant fact is that § 175(e)(3) was neither removed nor modified, indicating that no inconsistency was felt to exist between that statute and the rule.

It is settled law that this provision of the statute deprived the Court of all power to act after thirty days. In *Scherr v. Braun, supra,* Judge Hammond, speaking for a majority of the Court, stated, in regard to § 175(e)(3), (at 566 of 211 Md.):

"We think the restriction on the court's right to act after thirty days *is not modal but is so interwoven with the special authority granted the court as to be part of it, a limitation on its powers.* We read the statute as if it said in terms to the Courts: 'You have thirty days to decide the appeal—or as much longer as you have, *within the thirty days,* extended the time. If you fail to act within the stated time, the authority given in the first instance to decide or act in the case is automatically withdrawn and you have no further power whatever in the matter.' " (Emphasis supplied.)

We therefore hold that Rule 1101 does not supersede § 175 (e)(3) of Art. 2B.

## II

Appellants maintain that even if the thirty day provision of § 175 (e) (3) is valid, the period does not commence to run until the full record has been filed, and that in this case the entire record had not been filed until two days before the hearing. The contention is that the map exhibit, mentioned above, was not effectively filed until June 20, 1961, when, at appellants' request, the deputy clerk of the Circuit Court searched the file of the case and noted that the map was included therein. The clerk testified in the trial court that because the docket entries or the file jacket of the case did not indicate the date of filing of the map, there was no way to ascertain whether or not it had been filed at an earlier date. From this, appellants argue that the thirty day period could not begin to run until the day the clerk actually ascertained that the entire record, including the map exhibit, had been filed, i. e., June 20, 1961, two days before the actual hearing of the appellants' motion to extend the time for hearing and Becker's motion to dismiss the appeal, the latter of which was granted.

The appellees introduced into evidence a letter dated May 18, 1961, from the secretary of the Liquor Board addressed to the clerk of the Circuit Court, which had obviously been enclosed as a letter of transmittal with the map exhibit, and which stated that the "enclosed map" was being forwarded at request of counsel for appellants for inclusion in the file of the case.

The trial judge stated that in his opinion all pertinent papers in the case had been filed in court on May 17, 1961, and that the failure to include the map would not amount to a failure to include all pertinent papers. However, he went on to find, as appellants point out in their brief, that as a matter of fact he could assume that the map, mailed by the liquor board on May 18, would have been received by the clerk of court on May 19. We agree with the trial judge's conclusion that § 175 (c) does not require that the entire record be forwarded to constitute a filing of the record under § 175 (e) (3), but only *"all pertinent papers* and a transcript of any testimony which may have been taken at the board's hearing."

(Emphasis supplied.) However, it seems clear to us that the map in question was a pertinent paper, since the appellants had used it before the Board in their effort to show that the applicant for the license had not obtained signatures of ten voters who were owners of real estate within a one mile radius. Nevertheless, we are bound by the trial judge's finding as a matter of fact that it was reasonable to assume that the map had reached the clerk's office by May 19, 1961. This Court is restricted by § 175 (f) in appeals of this nature to questions "of law involved in such an appeal and shall not pass upon any question of fact." *Suttleman v. Bd. of Liq. Lic. Com'rs,* 209 Md. 134, 120 A. 2d 388 (1956). Hence, since no action was taken within thirty days of May 19, 1961, this contention of appellants must fail.

## III

Appellants further urge that the trial court erroneously granted the motion of the applicant Becker to dismiss their appeal from the Board's decision, since he had not complied with Rule 1101 (i), in that he had not intervened within thirty days after the petition for appeal or filed the form of answer required by the rule of one seeking to become a *party* to an administrative appeal. Whether an intervenor is subject to the same requirements as one seeking to become a party to a proceeding is not clear. The Administrative Procedure Act (which is not applicable in this case) does appear to recognize a distinction between time limitations in regard to the appearance of a party to a proceeding as opposed to an intervenor. See § 255 (b), Art. 41, Code (1957). In *Brashears v. Lindenbaum,* 189 Md. 619, 56 A. 2d 844 (1948), which also involved an appeal from a liquor board, this Court indicated its recognition of such a distinction when it stated (at 628) : "And on appeal by the applicant, it was incumbent upon the protestants, if they were not parties of record before the Board, to intervene *prior to the determination of the cause* by the Circuit Court." (Emphasis supplied.)

However, even if we assume, without deciding, the correctness of appellants' position that Becker had no proper standing as a party, the granting of his petition to intervene did not

prejudice appellants' cause, since a timely answer to appellants' petition of appeal had been filed on behalf of the Board. The fact that it was on petition of Becker that the appeal from the Board was dismissed is not a significant factor. The mandatory nature of the automatic affirmance of the local board's decision, established by § 175 (e) (3) in circumstances such as are present here, was made clear in *Scherr v. Braun, supra.* Thus, even were we to strike all reference to the intervenor's position as a party to this appeal, as appellants request us to do, the result would not be different.

## IV

On September 29, 1961, a petition of Becker to take further testimony was granted by the trial court and on that date testimony of the secretary of the Board, in regard to the filing of the map, was received over the objection of appellants. Appellants contend that the trial court acted improperly in taking such further testimony after the final order was signed on June 23, 1961, and after an appeal from that order had been noted by appellants.

As we stated under the second contention, we must accept the trial court's assumption of fact, made at the hearing on June 22, 1961, that the map exhibit was received by the clerk of the Circuit Court by May 19, 1961. Hence, if it was error to receive the testimony in question it was not prejudicial error which would warrant reversal, since the fact sought to be established by the allegedly improper testimony had already been proven to the trial court's satisfaction by other competent evidence. Cf. *Eisenberg, Admin. v. Air Cond., Inc.,* 225 Md. 324, 170 A. 2d 743 (1961). However, we think it advisable again to call attention to this Court's holding in *Scherr v. Braun, supra,* that in cases of this kind the trial court has "no further power whatever" where it fails to act within the prescribed thirty day period after the record is filed, resulting in automatic affirmance of the license board's decision.

For the reasons stated, we conclude that the trial court's dismissal of the appeal was proper and we must therefore affirm.

*Order affirmed, with costs.*