JUDITH B. BAER ET AL. *v.* GERALD R. BROWN ET AL.

[No. 450, September Term, 1980.]

*Decided December 16, 1980.*

The cause was argued before MOYLAN, LISS and MACDANIEL, JJ.

*James M. Smith,* with whom were *R. Clark Faint, Jr.,* and *Gebhardt & Smith* on the brief, for appellants.

*Paul J. Feeley* for appellees.

Liss, J., delivered the opinion of the Court.

On July 9, 1979, the Board of Liquor License Commissioners for Baltimore County (hereafter Board) denied the application of Gerald R. Brown, G. Rich O'Shea, Paul J. Feeley and County Cork, Inc., appellees, for a new Class A (BWL) alcoholic beverages license to be used in the operation of a package goods liquor store in Manor Center, a shopping center located in Phoenix, Maryland. An appeal from that decision was filed in the Circuit Court for Baltimore County on August 6, 1979. On January 11, 1980, the presiding judge issued a memorandum opinion and order reversing the Board's decision and granting the license for which the appellees had applied. The appellants in this case, consisting of residents and businessmen of the Tenth Election District, appellants, appeal from that decision to this Court.

Manor Center is a shopping center located in a rural section of Baltimore County at the intersection of Jarrettsville Pike and Sweet Air Road. The section is known as "Four Corners" and is part of the Tenth Election District of Baltimore County. That district is sparsely populated and had an estimated population of 8062 as of July 1, 1980. At the time of the subject alcoholic beverages license application, there were two existing liquor outlets in close proximity to the proposed new liquor license premises known as Carroll's Market and The Starting Gate.

At the hearing before the Board, appellees presented the testimony of investors in Manor Center and the proposed liquor outlet. At the same hearing, six witnesses testified on behalf of the appellants as to the adequacy of the existing liquor establishments in the area. They stated their opinions that another license was not necessary to accommodate the public in the Tenth Election District. In addition, a proffer was made that eight additional protestants, if allowed to testify, would offer cumulative testimony as to the adequacy of existing facilities and the lack of need for another license.

At the conclusion of the lengthy hearing, the Board issued its decision denying appellees' application on the basis of the close proximity of the existing outlets and concluded that an additional license was not necessary to accommodate the public.

Appellees filed an order of appeal to the Circuit Court for Baltimore County and the appellants filed a motion to intervene which was granted. The Board transmitted the record to the Circuit Court on September 6, 1979. A hearing was held in the Circuit Court, and the matter was held *sub curia* by the trial judge. Subsequently, the judge entered an order dated October 8, 1979 remanding the case to the Board with instructions that it take further testimony on the issue of the need for public accommodation. The Board and the appellants objected to the remand on the basis that the trial court did not have the authority under the provisions of Article 2B, Section 175 of the Annotated Code of Maryland (1976 Repl. Vol.) to issue such an order. In the interim, on October 22, 1979, the trial judge entered an order extending the time for decision of the appeal before him for a period of ninety days from October 4, 1979. The October 22 order was signed some six weeks after the expiration of the thirty day statutory period. On November 8, 1979, the court revised its order of remand and assigned the case for an evidentiary hearing in the circuit court. That hearing was held on December 17, 1979, and the matter was again held *sub curia.* By order dated January 2, 1980, the trial judge extended the court's jurisdiction for an additional period of ten days. On January 11, 1980, the trial judge filed a memorandum opinion and order which reversed the Board's decision and granted the appellees' application for a liquor license. It is from that order that this appeal has been filed.

The appellant raises the following issues:

1. a. Whether the decision of the Board of Liquor License Commissioners was affirmed by operation of law because the circuit court failed to decide the appeal within the mandatory thirty day jurisdictional period required by Article 2B, Section 175 (e) (3)?

b. Whether the order issued by the trial judge remanding the proceedings to the Board for additional testimony and the subsequent order setting the case for further evidentiary hearing in the circuit court effectively extended the mandatory jurisdictional period?

2. Whether the trial judge erred in overruling the decision of the Board that the proposed license was not necessary for the accommodation of the public?

1. a. and b.

The statutes which govern the decision in this case are found, in pertinent part, in Article 2B, Section 60 a of the Annotated Code of Maryland (1957, 1976 Repl. Vol., 1980 Cum. Supp.), which provides:

(a.) *General procedure.* — If the board of license commissioners for the city or any county determines that the granting of the license is not necessary for the accommodation of the public . . . then the application shall be disapproved and the license applied for shall be refused.

Section 175 of Article 2B, provides for an appeal from the decision of the Board, and the scope of that appeal is found in Subsection (e) of Section 175. It provides, in part:

(1) (i) Upon the hearing of such appeal, the action of the local board shall be presumed by the court to be proper and to best serve the public interest. The burden of proof shall be upon the petitioner to show that the decision complained of was against the public interest and that the local board's discretion in rendering its decision was not honestly and fairly exercised, or that such decision was arbitrary, or procured by fraud, or unsupported by any substantial evidence, or was unreasonable, or that such decision was beyond the powers of the board, and was illegal. The case shall be heard by the court without the intervention of a jury. If in the

opinion of the court it is impracticable to determine the question presented to the court, in the case on appeal, without the hearing of additional evidence, or if in the opinion of the court any qualified litigant has been deprived of the opportunity to offer evidence, or if the interests of justice otherwise require that further evidence should be taken, the court may hear such additional testimony to such extent and in such manner as may be necessary.

\* \* \*

(3) The failure of the court to determine an appeal within a period of 30 days after the record has been filed in court by the local board as above provided, shall constitute an automatic affirmance of the local board's decision, unless the time has been extended by the court for good cause shown.

Subsection (e) of Section 175 also includes the following:

(4) (ii) In addition to the other powers of the court provided in this article, the court may remand the proceedings to the local board in the following counties:

(A) Carroll County
(B) Charles County
(C) Howard County
(D) Prince George's County

The appellees have filed a motion to dismiss the instant appeal based upon the provisions of Article 2B, Section 175 (f) which provide as follows:

*Finality of appeal.* — The decision of the court thus given shall be final and effective at once. No further appeal shall lie nor shall there be any other remedy by which the local board's decision may be reviewed in court, either by way of mandamus, injunction, certiorari or otherwise. However, if any judge of the circuit court of any county, or the Baltimore City

> Court, shall in any case finally decide a point of law at variance with any decision previously rendered by any other judge of the State on the same question, an appeal may be taken from the decision rendered to the Court of Special Appeals. Any such appeal shall not stay the action of the lower court. The Court of Special Appeals shall only decide the question of law involved in such an appeal and shall not pass upon any question of fact.

Appellees urge that the trial judge's decision in this case is not in conflict with or at variance with any decision previously rendered by any other judge of the State on the same question and that therefore the appellants' appeal to this Court will not lie. We do not agree. In the cases of *Scherr v. Braun,* 211 Md. 553, 128 A.2d 388 (1957) and *Pearce v. Board,* 228 Md. 515, 180 A.2d 651 (1962), the Court of Appeals held that the thirty day jurisdictional provision set forth in Article 2B, Section 675 (e) (3) is mandatory and not discretionary. Appellees contend that the order of remand for further testimony was an effective determination of the appeal in the thirty day period. This contention is made in the face of the question whether the trial judge had the authority to make such remand under Section 175 (e).

The subsequent attempt by the trial judge to extend the jurisdictional period by order on October 22, 1979 after the expiration of the mandatory thirty day period is at least facially in conflict with the holdings in *Scherr* and *Pearce.* Under these circumstances, the motion to dismiss is denied.

The leading case delineating the authority of the circuit courts to determine appeals from the various liquor boards of the State is *Scherr v. Braun, supra.* In that case, the trial court, in reversing a liquor board decision, failed to issue a decision *within* the thirty day jurisdictional period but granted an extension of time to decide the appeal *after* the expiration of the thirty days. Judge Hammond (later Chief Judge of the Court of Appeals) reviewed the history of Section 175 and similar statutes and concluded that the time limitation for deciding liquor appeals was mandatory and

consistent with the Legislature's intention to restrict the right of appeal at entry stage in these cases. Judge Hammond said:

> We think the restriction on the court's right to act after thirty days is not modal but is so interwoven with the special authority granted the court as to be a part of it, a limitation on its powers. We read the statute as if it said in terms to the Courts: "You have thirty days to decide the appeal — *or as much longer as you have, within the thirty days, extended the time.* If you fail to act within the stated time, the authority given in the first instance to decide or act in the case is automatically withdrawn and you have no further power whatever in the matter." [Emphasis added.] [211 Md. at 566.]

In *Jabine v. Priola,* 45 Md. App. 218, 229, 412 A.2d 1277 (1980), this Court held: "It thus appears incumbent upon the parties appealing to the circuit court . . . either to obtain, within thirty days, a decision on the merits or an order, premised upon good cause, extending the time for review."

The appeal came on for hearing on October 4, 1979, and four days after the hearing the trial judge signed an order remanding the case to the Board "to afford appellant an opportunity to produce evidence of the need or necessity of the issuance of the license for the accommodation of the public." The order of remand did not extend the time for deciding the case. On October 22, 1979, a new order was signed in which it was stated that the court orally extended the time to determine the appeal at the October 4 hearing because the court had only received the file from the clerk's office ten minutes before court convened and the court had not had an opportunity to read the transcript of the proceedings. The oral extension of time is not included in the transcript of the October 4 hearing, and it is conceded no date of extension was set either orally or in writing. The October 22 order extended the time for the determination of the appeal *nunc pro tunc* for a period of ninety days from October 4, 1979.

The Board and the appellants filed an objection to the court's order remanding the case to the Board for further hearing on the ground that there was no provision for remand to the Board available to the court under Article 2B, Section 175, Subsection 4 (ii), which restricted the power to remand only to the counties specifically mentioned in that Subsection (*i.e.,* Carroll County, Charles County, Howard County, and Prince George's County). The court apparently accepted the appellants' contentions, and on November 8, 1979, rescinded the order remanding the case to the Board for further testimony and directed that the "matter be assigned a hearing before the circuit court to permit appellants to produce evidence of the need or necessity of the issuance of the license. . . ." That evidentiary hearing was held before the court on December 17, 1979, and on January 2, 1980 the court ordered "that the time for making a determination of the appeal shall be extended for a period of ten days from this date because of the taking of additional testimony by the court." The appeal was finally determined on January 11, 1980.

Accepting, as we do, that the trial judge did orally attempt to extend the time for determination of the appeal at the hearing before him on October 4, that action would not be sufficient to reserve jurisdiction in the circuit court. The question here to be decided is what action must be taken by the court in order to extend the time and to preserve its jurisdiction under Section 175 (e) (3). The statute is clear that the action of the liquor board is automatically affirmed after thirty days "unless the time has been extended for good cause shown."

In *Scherr v. Braun, supra,* the Court of Appeals stated the procedural requirements to be adhered to with regard to the statute as follows:

> For good cause shown, any judge of the court to which the appeal has been taken may extend the time for the determination of the case. In this way, the court has full control of the matter. It can meet any practicality that may arise. True, the obligation is cast upon the parties to make sure that

the court in due time either decides the case or passes the proper order of extension. Such an order must be passed within a prescribed period or be ineffective. This is not an unusual requirement. [211 Md. at 564-65.]

It seems clear to us that an appropriate written order of extension must be sought and granted *within* the thirty day period from the date when the record is filed with the circuit court. As we held in *Jabine v. Priola, supra,* the time is not automatically extended by a court order permitting a party to intervene and participate in the proceedings. Likewise, the time is not automatically extended by remanding the case to the Board for further testimony nor by scheduling a hearing in the circuit court for the same purpose. We hold that the *nunc pro tunc* order of October 22 was entirely ineffective to resurrect the jurisdiction of the circuit court which had been lost by the expiration of the thirty day period without the issuance of an effective order.[1]

Judge Hammond in *Scherr* stated the philosophy which is determinative of the strict construction required in appeals under Section 175. He said:

The action of the Legislature in requiring speedy decision in appeals from license boards and insuring affirmance of the board if its mandate was not heeded, is consistent with its very evident desire to limit and circumscribe the right of appeal. As is noted in *Brashears v. Lindenbaum,* 189 Md. 619, 626 [56 A.2d 844 (1948)], the statute gives very clear indication of the Legislature's intention "to restrict the right of appeal at every stage." The duty of deciding the propriety of granting or refusing a license and of passing on the facts is confided to the local board. On appeal to the trial court, the action of the local board is presumed to be proper and to

---

1. *See* Prince George's County v. Commonwealth Land Title Insurance Co., 47 Md. App. 380, 423 A.2d 270 (1980) for a discussion by Judge Weant as to the legal effect of *nunc pro tunc* orders.

best serve the public interests. The appellant bears the burden of proof of showing that the decision is against the public interests or that it was arbitrary or fraudulent, unsupported by any substantial evidence, or illegal. The decision must be made within thirty days or by virtue of the statute there is an automatic affirmance of the board's action. It is then set forth in Code, 1951, Art. 2B, Sec. 166 (e) [2] that: "The decision of the court thus given shall be final and effective at once * * * nor shall there be any other remedy by which the local board's decision may be reviewed in court, either by way of mandamus, injunction, certiorari or otherwise." It is apparent that in giving the right of appeal to courts, the Legislature conferred a special statutory jurisdiction on the courts and made the exercise of that jurisdiction the only right of the court to review the local board, to the exclusion of any common law remedy. No principle is better established than that in exercising a statutory power, a court is without jurisdiction unless it complies with the statute. [211 Md. at 562-63.]

We conclude that upon the expiration of the thirty day jurisdictional period without the entry of a written order extending the time for decision, the Board's action was automatically affirmed and the circuit court had no further jurisdiction over the matter. It is therefore unnecessary for us to consider any of the remaining issues in the case.

> *Order of Circuit Court reversed, order of Board of Liquor Licenses affirmed.*
> *Costs to be paid by appellees.*

---

**2.** Currently Article 2B, Section 175 (f).