GERALD R. BROWN ET. AL. *v.* JUDITH B. BAER ET AL.

[No. 145, September Term, 1980.]

*Decided October 8, 1981.*

The cause was argued before SMITH, DIGGES, ELDRIDGE, COLE, DAVIDSON and RODOWSKY, JJ.

*Paul J. Feeley* for appellants.

*Richard Clark Faint, Jr.,* with whom were *James M. Smith* and *Gebhardt & Smith* on the brief, for appellees.

ELDRIDGE, J., delivered the opinion of the Court.

The laws of Maryland pertaining to judicial review of county liquor board decisions, codified in Maryland Code (1957, 1981 Repl. Vol.), Art. 2B, contain several provisions not found in typical statutes authorizing judicial review of administrative action. The issues in this case concern the interaction of three such provisions. The first is § 175 (e) (3), which states that the failure of the reviewing court to decide the administrative appeal within thirty days after the administrative record is filed shall constitute an automatic affirmance of the liquor board's decision, unless the court has extended the time for good cause. The second of these provisions is § 175 (e) (4), which, after authorizing the reviewing court to affirm, modify or reverse the liquor board's decision, provides that the court "may remand the proceedings to the local board in the following counties: Carroll, Charles, Howard and Prince George's." The third unusual provision is § 175 (f), which states that the trial court's decision is final, with no appeal to the appellate courts of this State, unless the trial judge decides "a point of

law at variance with any decision previously rendered by any other judge of the State on the same question . . . ." In the event of such conflict, an appeal to the Court of Special Appeals is authorized and that court "shall only decide the question of law involved . . . ." [1]

The only facts relevant to the issues before us concern the procedural history of the case. The petitioners Gerald R. Brown, G. Rick O'Shea and Paul J. Feeley applied to the Board of Liquor License Commissioners for Baltimore County (the "liquor board") for a new Class A (BWL) alcoholic beverages license for a package goods liquor store at a certain intersection in northern Baltimore County. The respondents, who are residents of the area, protested the

---

1. The verbatim text of the pertinent portions of these three provisions in Art. 2B, & 175, is as follows:

"(e) *Scope of appeal.*

\* \* \*

(3) The failure of the court to determine an appeal within a period of 30 days after the record has been filed in court by the local board as above provided, shall constitute an automatic affirmance of the local board's decision, unless the time has been extended by the court for good cause shown.

(4) (i) If the court reverses the action of the local board it shall file with the papers a written statement of the reasons. The court may modify, as well as affirm or reverse, the action of the local board. Costs shall be awarded as in other civil cases.

(ii) In addition to the other powers of the court provided in this article, the court may remand the proceedings to the local board in the following counties:

(A) Carroll County.

(B) Charles County.

(C) Howard County.

(D) Prince George's County.

(f) *Finality of appeal.* — The decision of the court thus given shall be final and effective at once. No further appeal shall lie nor shall there be any other remedy by which the local board's decision may be reviewed in court, either by way of mandamus, injunction, certiorari or otherwise. However, if any judge of the circuit court of any county, or the Baltimore City Court, shall in any case finally decide a point of law at variance with any decision previously rendered by any other judge of the State on the same question, an appeal may be taken from the decision rendered to the Court of Special Appeals. Any such appeal shall not stay the action of the lower court. The Court of Special Appeals shall only decide the question of law involved in such an appeal and shall not pass upon any question of fact."

issuance of the license. After taking extensive testimony, the liquor board denied the application, and the applicants took an appeal to the Circuit Court for Baltimore County.

The liquor board filed the administrative record in the circuit court on September 6, 1979, and thus the statutorily prescribed thirty-day period for the circuit court to decide the case began to run. As October 6, 1979, was a Saturday, the circuit court had until Monday, October 8, 1979, either to render a final decision or to extend the time; otherwise, under Art. 2B, § 175 (e) (3), the liquor board's decision would be automatically affirmed. A hearing in the circuit court was held on October 4, 1979, and on October 8, 1979, the last day to decide the case, the circuit court issued an opinion and order remanding the proceedings to the liquor board. The circuit court's October 8th order upheld the liquor board on one legal question presented but remanded the case to give the applicants "the opportunity to produce evidence of the need or necessity of the issuance of the license for the accommodation of the public."

Fourteen days later, on October 22, 1979, the protestants and the liquor board filed in the circuit court a motion under Maryland Rule 625 a to revise the October 8th judgment.[2] The basis of the motion was the contention that under Art. 2B, § 175 (e) (4), the court may remand for additional administrative proceedings in only four counties, not including Baltimore County, and that in Baltimore County the court could only affirm, modify or reverse the liquor board's decision. The protestants and the liquor board requested an order affirming the administrative decision.

On the same day that the motion to revise the judgment was filed, October 22, 1979, the circuit court filed an order which initially recited that at the conclusion of the hearing

---

2. Rule 625 a provides:

"For a period of thirty days after the entry of a judgment, or thereafter pursuant to motion filed within such period, the court shall have revisory power and control over such judgment. After the expiration of such period the Court shall have revisory power and control over such judgment, only in case of fraud, mistake or irregularity."

on October 4, 1979, the court had orally extended the time for determining the appeal. The court then ordered that the time for making a determination of the administrative appeal "shall be extended, . . . Nunc Pro Tunc, for a period of ninety days (90) from October 4, 1979." Later, the time was further extended to January 12, 1980.

Next, on November 8, 1979, the circuit court granted the motion to revise the October 8th judgment insofar as the judgment had remanded the case to the liquor board, but the court refused to grant the additional relief sought, namely an affirmance of the liquor board's decision. Instead, the case was set for a hearing before the court "to permit appellants to produce evidence of the need or necessity of the issuance of the license for the accommodation of the public." The hearing was held on December 17, 1979.

The circuit court on January 11, 1980, filed an opinion and order reversing the liquor board's decision and granting the license. After reviewing some of the testimony relating to the need of the license for the accommodation of the public, the court in its opinion concluded as follows:

> ". . . this Court views the decision of the Board to be against the public interest, an unfair exercise of the Board's discretion, and unreasonable."

At no place in its opinion and order did the court expressly state that the liquor board's finding, that the issuance of the license was not needed for the accommodation of the public, was unsupported by substantial evidence.

After the denial of their motion to revise the January 11th order, the protestants took an appeal to the Court of Special Appeals. The protestants argued that their appeal was authorized under Art. 2B, § 175 (f), because the circuit court's decision on two different questions of law varied with decisions of other judges. As to both matters, it was claimed that the circuit court's decisions in the present case were in error.

*First,* the protestants argued that the circuit court failed to render a final decision, or to extend the time for rendering

a decision, by the October 8, 1979, deadline, and that, therefore, the decision of the liquor board should have been affirmed automatically under Art. 2B, § 175 (e) (3). It was contended that the October 8th order remanding the case to the liquor board was not final and that, moreover, it was in violation of Art. 2B, § 175 (e) (4), and thus was a nullity. The protestants pointed out that the transcript of the October 4, 1979, hearing disclosed no oral order extending the time to decide the case, and that the extension order issued after the time expired was ineffective under this Court's opinion in *Scherr v. Braun,* 211 Md. 553, 566, 128 A.2d 388, 394 (1957). It was argued that the circuit judge's failure in the instant case to treat the liquor board's decision as automatically affirmed, conflicted with the decisions of other circuit judges in three cases, as well as with decisions of this Court and of the Court of Special Appeals.

*Second,* the protestants alternatively argued to the Court of Special Appeals that the circuit court in its January 11, 1980, order had not applied the correct standards in reviewing the decision of the liquor board. They claimed that the court did not apply the "substantial evidence" test for reviewing the finding of the liquor board on the issue of public need for the license. The protestants cited three decisions of other circuit judges for the proposition that findings of a liquor board, supported by substantial evidence, must be accepted by the reviewing court.[3]

---

3. Art. 2B, § 175 (e) (1) (i), sets forth the scope of judicial review in liquor board cases:

"Upon the hearing of such appeal, the action of the local board shall be presumed by the Court to be proper and to best serve the public interest. The burden of proof shall be upon the petitioner to show that the decision complained of was against the public interest and that the local board's discretion in rendering its decision was not honestly and fairly exercised, or that such decision was arbitrary, or procured by fraud, or unsupported by any substantial evidence, or was unreasonable, or that such decision was beyond the powers of the board, and was illegal. The case shall be heard by the Court without intervention of a jury. If in the opinion of the Court it is impracticable to determine the question presented to the Court, in the case on appeal, without the hearing of additional evidence, or if in the opinion of the Court any qualified litigant has been deprived of the opportunity to offer evidence, or if the interests of justice otherwise require that further

The Court of Special Appeals, substantially agreeing with the protestants' first contention, reversed the circuit court's judgment of January 11, 1980, and affirmed the decision of the liquor board. *Baer v. Brown,* 47 Md. App. 416, 423 A.2d 278 (1980). Because of its reversal on the first ground, the intermediate appellate court found it unnecessary to consider the protestants' second contention relating to the proper standard of judicial review. In deciding that the circuit court should have treated the liquor board's decision as affirmed automatically under Art. 2B, § 175 (e) (3), the Court of Special Appeals accepted the trial judge's statement that he had orally extended the time on October 4, 1979, but held that under the statute there must be a *written* extension prior to the expiration of the thirty-day period. With regard to the remand order of October 8, 1979, the appellate court appeared to view it as non-final as well as unauthorized. Finally, in holding that it had jurisdiction to entertain the appeal under Art. 2B, § 175(f), the appellate court stated that the trial judge's refusal to treat the administrative decision as being automatically affirmed was at variance with the decisions of this Court in *Pearce v. Board,* 228 Md. 515, 180 A.2d 651 (1962), and *Scherr v. Braun, supra.* Thereafter, we granted the petition for a writ of certiorari filed by the applicants for the license.

Preliminarily, it should be noted that Art. 2B, § 175 (f), authorizing an appeal from the trial judge's decision in one limited situation, provides that the appeal may be taken "if any judge of the circuit court ... shall in any case finally decide a point of law at variance with any decision previously rendered by *any other judge* of the State on the same question" (emphasis supplied). As appellate judges do not sit or render decisions individually, but decide cases in conjunction with other judges as a panel constituting the

---

evidence should be taken, the Court may hear such additional testimony to such extent and in such manner as may be necessary."

With regard to Maryland Constitutional limitations in this area, *see* Dept. of Nat. Res. v. Linchester, 274 Md. 211, 222-226, 334 A.2d 514 (1975); Cromwell v. Jackson, 188 Md. 8, 52 A.2d 79 (1947).

appellate court, it is clear that the statute contemplates an appeal only to resolve a conflict between two *trial* judges' decisions on a legal issue. Consequently, in order for there to be an appeal from a circuit court in a case such as this, a showing that the trial judge's decision was inconsistent with prior decisions of this Court would not be sufficient. In the instant case, however, this issue is not important because the protestants furnished several decisions of trial judges which were to the same effect as the appellate opinions relied upon by the Court of Special Appeals. Therefore, if the circuit judge in the present case failed to render a decision within the statutorily prescribed time limit, his refusal to treat the liquor board's action as automatically affirmed would be in conflict with decisions of other circuit judges. In that event, an appeal would have been allowable under Art. 2B, § 175 (f). Consequently, the critical issue in this case is whether the circuit court rendered a final decision within the statutorily prescribed time period.

Turning to this issue, we agree with the Court of Special Appeals that under Art. 2B, § 175 (e) (3), and *Scherr v. Braun, supra,* anything other than a *written* extension order or a docket entry prior to the expiration of the thirty-day period is ineffective to extend the time limit for determining the case. Consequently, in the present case, October 8, 1979, was the deadline for a final decision of the circuit court. On the other hand, we cannot agree that the October 8, 1979, remand order failed to finally decide the case.

The protestants would have us disregard the October 8th remand order either on the theory that it was not final or on the theory that the circuit court lacked jurisdiction to render it and that, therefore, it was a nullity. Neither theory is valid under our decisions.

We have repeatedly held in recent cases that an order of a circuit court remanding a case to an administrative agency, for further proceedings before the agency, is a final order terminating the circuit court proceedings. Assuming that an appeal is allowed by law, such an order is appealable. This was explained by Judge Davidson only a few months

ago, writing for the Court in *Schultz v. Pritts,* 291 Md. 1, 6, 432 A.2d 1319, 1322-1323 (1981).

> "When a court remands a proceeding to an administrative agency, the matter reverts to the processes of the agency, and there is nothing further for the Court to do. Such an order is an appealable final order because it terminates the judicial proceeding and denies the parties means of further prosecuting or defending their rights in the judicial proceeding."

*Accord: Department of Public Safety v. LeVan,* 288 Md. 533, 542-544, 419 A.2d 1052 (1980); *Criminal Inj. Comp. Bd. v. Remson,* 282 Md. 168, 177, 384 A.2d 58, *appeal dismissed,* 439 U.S. 805, 99 S.Ct. 60, 58 L.Ed.2d 97 (1978).[4]

There is nothing in the circuit court's order of October 8, 1979, indicating that the court was retaining jurisdiction of the case pending further administrative proceedings. Instead, the order unqualifiedly remanded the case to the liquor board and, at the time, fully terminated the matter as a circuit court proceeding. The fact that Rule 625 a gives a circuit court broad revisory power over a judgment for thirty days does not deprive the judgment of finality when entered. From the entry of the October 8th order, and prior to the motion by the protestants and the liquor board under Rule 625 a, the case was not pending in the circuit court. It had been finally decided on October 8th, the last day for a decision.

Furthermore, the order of October 8th cannot be treated as a nullity. Art. 2B, § 175 (e) (4), does purport to indicate that cases can properly be remanded to liquor boards in only four counties, and Baltimore County is not one of the four. Nevertheless, the apparent inconsistency of the order with a statutory provision does not mean that the circuit court

---

4. The *Schultz* and *LeVan* opinions expressly overruled any earlier decisions of this Court to the contrary, such as United States Fire Ins. Co. v. Schwartz, 280 Md. 518, 374 A.2d 896 (1977), and Hayden v. Walker, 208 Md. 114, 115, 117 A.2d 109 (1955).

lacked jurisdiction and that the order was void. *Parks v. State,* 287 Md. 11, 17-19, 410 A.2d 597, 601-602 (1980), involved a statute placing limits upon the manner in which a trial court should exercise its jurisdiction. This Court, in an opinion by Judge Cole, emphasized in *Parks* that as long as the trial court had basic subject matter jurisdiction and jurisdiction over the person, "if the court exercises its power outside" of the statutory limits, "its judgment is not thereby rendered void but only voidable," and that a party "is subjected to the full force of the judgment until he attacks its validity." 287 Md. at 16-17. In other recent cases we have held that merely because a trial court's order violates a statute or a rule does not render the order beyond the court's jurisdiction and a nullity; instead, it is only subject to reversal on a direct appeal. *See Block v. State,* 286 Md. 266, 270-273, 407 A.2d 320, 322-324 (1979); *Parojinog v. State,* 282 Md. 256, 262, 384 A.2d 86, 89 (1978). *See also* the discussion of this subject by Judge Digges for the Court in *Pulley v. State,* 287 Md. 406, 414-417, 412 A.2d 1244, 1248-1251 (1980).

Consequently, the circuit court's order of October 8, 1979, although perhaps an erroneous exercise of jurisdiction, was not a nullity. As it was also final, the circuit court did determine the case within the time period prescribed in Art. 2B, § 175 (e) (3). Thus, the circuit court's decision did not conflict with the decisions of other trial judges in this regard. The Court of Special Appeals, therefore, erred in holding that the appeal was allowable on grounds of a conflict regarding the automatic affirmance provision in § 175 (e) (3).

Since the circuit court had power under Rule 625 a to revise the final judgment rendered on October 8, 1979, and as the court did revise that judgment after a timely motion pursuant to the rule was filed, the revised final judgment of January 11, 1980, reversing the liquor board, was the effective judgment in this case. As previously mentioned, the protestants in the Court of Special Appeals made the alternate argument that the circuit court, in its January 11th opinion and order, did not utilize the correct standard

of judicial review. The protestants further argued that they were entitled to appeal this matter because the trial judge applied a different standard than that applied by other trial judges in reviewing liquor board findings. In light of its decision concerning automatic affirmance, the Court of Special Appeals found it unnecessary to rule upon the alternate basis for the protestants' appeal. Because the question was neither encompassed in the applicants' petition for certiorari nor briefed nor argued in this Court, we shall not exercise our discretion to decide the issue. *See* Rule 813. Instead, we shall remand the case to the Court of Special Appeals for this purpose. In this connection, we point out that merely because a trial judge, who purports to apply the proper standards of judicial review, may have applied the standards incorrectly in light of the facts of a particular case, does not give rise to a conflicting decision on a question of law so as to authorize an appeal under § 175 (f). On the other hand, if a trial judge is actually utilizing legally incorrect standards or criteria for judicial review of liquor board decisions, it could be a decision on a question of law which, if at variance with other trial judges' decisions, would authorize the appeal.

*Judgment of the Court of Special Appeals vacated, and case remanded to that court for further proceedings not inconsistent with this opinion.*
*Costs to abide the final result.*