## THOMAS HAYES *v.* CHARLES H. COVINGTON

[No. 13, October Term, 1944.]

*Decided October 27, 1944.*

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, GRASON, MELVIN, BAILEY, CAPPER, and HENDERSON, JJ.

*Arthur E. Briscoe,* with whom was *Josiah F. Henry, Jr.,* on the brief, for the appellant.

No appearance and no brief for the appellee.

CAPPER, J., delivered the opinion of the Court.

The appellant appeals from a decree of the Circuit Court No. 2 of Baltimore City, granting an injunction restraining and enjoining him from further occupying market stalls Nos. 291, 292 and 294 in Lafayette Market, Baltimore, Maryland, from the first day of February, 1944, during the life of the tenancy.

Appellee's bill for injunction alleged that he was a sublessee from V. Graziano & Son of said market stalls and had been so for about three and one-half years; that he has continued this tenancy ever since by paying rent in advance to November 15, 1943; that he employed the appellant and one James Smallwood in connection with the operation of said stalls and paid them on a weekly profit-sharing basis of 40 per cent. of the net profit to each one and that appellee received 20 per cent. of the net profits; that this employment continued approximately three years until the said James Smallwood was inducted into the United States Army when appellant's share of the net profits was increased to 60 per cent. and the appellee's share remained at 20 per cent. and Smallwood's wife was given the remaining 20 per cent.

The appellee further alleged that during the entire employment he assumed responsibility for all goods purchased and sold at the said market stalls and that the same were charged to him personally and paid for with his personal checks; that on the 4th of November, 1943, the appellant advised him that he was no longer willing to continue the employment agreement and that in the future he would operate the market stalls in his own name, since which time he has continued to operate said stalls for himself and denies and continues to deny the use of same to appellee. The bill of complaint was answered by appellant who denied the allegations of appellee concerning the rental of the said stalls and claimed that in April, 1938, he leased said stalls from V. Graziano. He denied the relationship of employer and employee

and alleged an agreement between appellee, appellant, and one James Smallwood for division of the profits, which agreement was necessitated by reason of the fact that the appellee could and did make a credit arrangement which the other parties were unable to do and that this credit arrangement was the reason for the payment to appellee of 20 per cent. of the profits provided for in the original agreement. Appellant further alleged that on or about November 4, 1943, when he no longer needed appellee's assistance in connection with credit, he notified him of his intention to abandon said arrangement and that he would in the furture conduct the business on his own responsibility. It seems apparent from the record that thereafter appellee had no further access to or connection with said stalls.

The testimony of appellee, Charles H. Covington, is to the effect that he rented these stalls from Vincent Graziano during April, 1939, for $30 per month and deposited with a credit association $500 to enable Hayes and Smallwood to purchase merchandise on his credit.

He testified that Hayes and Smallwood were his employees on the commission hereinbefore stated. When asked whether he ever complained to the landlord, Graziano, about his right to occupy the stalls when Hayes was occupying them, he said that on one occasion after he had discontinued credit and before Hayes opened the stalls, he told Graziano the stalls were closed and he wanted to open them up, but that appellant had the keys and that appellee did not wish to break the locks, but thought he was wrongfully denied access to the stalls. The landlord, Graziano, stated that he would have to think it over and decide who was the tenant and did not give him any positive answer. Appellee further testified that Graziano, the landlord, never gave him the keys to these stalls.

This was all of the evidence produced on the part of appellee. The record contains none of the checks paid for rent and no other exhibits of any kind.

Apparently the entire transactions between these parties were oral. Appellant Hayes testified that he rented the market stalls from Graziano in March, 1939, and appellee's relation to the transaction was only that of a credit guarantor, he having deposited $500 so appellant and said Smallwood could obtain credit for purchasing merchandise.

It will be observed that appellant's testimony that he rented the market stalls in March, 1939, differed from the allegation in his answer that he rented the same in April, 1938. However, we attach no particular significance to this, as, according to his testimony, he rented the stalls one month prior to the time appellee claims he rented them. The landlord, Graziano, testified in a very direct manner that he rented the stalls to the appellant and that his son attended to the collection of the rents.

The learned court below, upon the state of this record, rendered a brief oral opinion and thereafter passed a decree to the effect that appellee, Covington, should be regarded as the proper subtenant of Vincent Graziano & Son of said market stalls and that appellant, Hayes, was restrained and enjoined from further occupying said stalls from the first day of February, 1944, during the life of the present monthly lease.

The court below in his brief opinion in this case stated that Graziano was an elderly man, approximately eighty years of age and practically illiterate. Nevertheless, the record is silent as to these facts, but we accept the conclusion of the court below as to them. Accepting this, as we do, constitutes no sufficient showing that Graziano was mentally or otherwise incompetent to testify as a witness in this case. The court below found that appellee was the tenant referring to the facts produced before him as to payment of the rent and other expenses, and arranging credit for appellant and Smallwood. However, inasmuch as all of the parties agreed that appellee was to furnish credit for the payment of the rent and other expenses, this fact has little or no weight in determining who is the real tenant of these stalls.

510

This is a bill in equity for an injunction and the burden was upon the appellee to prove his case by a preponderance of the evidence to the satisfaction of the trial court. This appeal brings before us for review the facts in the case. We are, of course, familiar with the long-established rule of this court that where testimony is taken before a chancellor in the court below, and he has the benefit of hearing and observing the witnesses, his findings of fact will not be lightly disturbed. It is, nevertheless, the duty of this court, if convinced that the findings of fact by the chancellor are erroneous, to reverse his decree. *Moran v. O'Brien,* 156 Md. 221, 222, 144 A. 257; *Explanatory Notes to General Rules of Practice and Procedure Adopted by the Court of Appeals,* 1941, pp. 83 and 84.

There is nothing in the record before us to impeach in any way the testimony given by appellant, Hayes, and the landlord, Graziano. The fact that appellee did not at any time receive the keys for these stalls seems to corroborate the testimony tending to show that he was not the tenant. The burden of proof being upon the appellee to prove his case, we cannot reach the conclusion that he has met this burden. His testimony is not corroborated in any way by the record, but, as we have pointed out, it is weakened by the fact that he never had possession of the keys. Upon the plain question of fact as to who is the tenant of these stalls, the court holds that not only has appellee failed to establish his tenancy by clear testimony, but appellant by his own testimony and another witness, both of whom are unimpeached in any manner, has convinced the court that he is the tenant of the stalls. This being the state of the record, the case must be reversed.

*Decree reversed and bill dismissed with costs to appellant.*