WALLACE M. BRASHEARS, ET AL. *v.* MORRIS
LINDENBAUM

[No. 72, October Term, 1947.]

*Decided January 21, 1948.*

The cause was argued before MARBURY, C. J., and DELAPLAINE, COLLINS, GRASON, HENDERSON, and MARKELL, JJ.

*Frank A. Kaufman*, with whom were *Charles W. Held, Jr.*, and *Frank, Skeen & Oppenheimer* on the brief, for Wallace M. Brashears and others, some of the appellants.

*Robert C. McKee* for the Board of Education.

*M. William Adelson* and *Johnson Bowie* for the appellee.

HENDERSON, J., delivered the opinion of the Court.

This appeal is from a judgment of the Circuit Court for Baltimore County, reversing a decision of the Board of License Commissioners of Baltimore County. As important and novel procedural questions are raised by the appellee's motion to dismiss the appeal, it is necessary to set out the proceedings in detail.

On January 6, 1947, Morris Lindenbaum, operating an established drug store business at 5 South Main Street, Reisterstown, Maryland, in a commercial zone, filed an application for a class A Beer, Wine and Liquor License (off-sale), in regular form. The Board held a hearing on January 29, 1947. On behalf of the applicant it was shown that there was no package goods (off-sale) liquor store in Reisterstown, although there were three licensees of that class in Pikesville, a community four or five miles away. It was shown that the applicant was a registered pharmacist, of good character and reputation, who had been in business for over ten years, and had an investment of over $50,000 in his place of business. A number of witnesses testified that they were in favor of the

license because the only places in Reisterstown where package goods could be purchased were in the two taverns where they did not like to go, and that public convenience would be served by the granting of the license. The Board questioned the applicant as to whether he would agree to partition off the package department and maintain a separate outside entrance. The chairman stated: "We are not going to have children going into package liquor stores where candies, ice cream and other things are sold".

The Board was then informed by counsel that there were about thirty-eight protestants present. The Board indicated that it only desired to hear five or six witnesses. Robert C. McKee, counsel to the Board of Education of Baltimore County, testified that he was opposed to having liquor sold in a drug store; that this store was a favorite resort for young people, particularly children attending the Franklin High School located about three blocks away. Raymond S. Hyson, a former principal of the Franklin High School, testified to the same effect, as did witnesses representing the 4-H Club, the Girl Scouts, the Glyndon Methodist Church and the Lutheran Church at Reisterstown. None of the witnesses questioned the character or standing of the applicant.

The Board denied the application, advising the applicant by letter dated January 30, 1947, that its refusal was "in view of the substantial protest * * * by residents of the neighborhood and the public school authorities of Baltimore County, and for the further reason that in the opinion of the Board such a license in your drugstore would not be conducive to the public good, particularly in view of the fact as was shown at the hearing that your establishment is a meeting place and rendezvous of many teen age pupils who attend the Franklin High School". On February 7, 1947, Lindenbaum appealed to the Circuit Court. Time for hearing the appeal was extended for 30 days by order of Court, pursuant to agreement of counsel.

The case was heard in the Circuit Court on May 7, 1947, upon the transcript of record before the Board. After argument, the Court (Murray, J.) delivered an oral opinion, in the course of which he expressed the view that if the statute were strictly followed an appeal to court would be "nugatory and deceptive to the public," because "whether evidence is substantial or not depends on the point of view of the tribunal passing upon it. That's true of the Court. Whether evidence is substantial in a case submitted to me or not depends on whether I believe it. If I believe it, it is substantial, if I disbelieve it, it is not substantial * * *. That, in my judgment, is not this Court's function, and until I am reversed by the Court of Appeals, I do not intend to proceed in that manner. * * * Of course, on the other hand it requires me in many instances, erroneously perhaps, to sit as a super liquor board. But the whole proceeding is unsatisfactory, * * * the question of whether to grant or reverse a particular liquor license application isn't a question of law. * * * It's only slightly a question of fact * * * possibly the only basis upon which the license Board can act, is a matter of policy * * *. I doubt very seriously whether on the question of policy there ought to be any appeal to the court at all. But if there is an appeal, I am certainly of the belief that the appeal ought to be in such a manner as to give the Court the legal right to pass upon the factuals. * * * The statute perhaps hasn't done it, but I construe the statute as having done it as far as I am concerned". After reviewing the testimony, the Court characterized the argument as to the harmful effect upon school children as "rather far-fetched" and stated that "every community needs an off-sale establishment, at least one, to better control and manage the sale of alcoholic beverages. * * * I see not one conceivable danger or error in granting this license. * * * I don't criticise the Board for its insistence in many instances that a separate entrance be made to the drug store, but

I think it is open to objection". On the same day the Court reversed the action of the Board.

On June 5, 1947, an order of appeal to the Court of Appeals was filed by ten persons, only one of whom, Wallace M. Brashears, testified before the Liquor Board. On June 6, 1947, an order for appeal was filed on behalf of the Board of Education of Baltimore County. On July 15, 1947, the individual appellants filed (without leave of Court) a "Statement in Support of Order of Appeal", in which they alleged that the decision of Judge Murray was "erroneous and in conflict with a number of decisions previously rendered by other Judges of the State on the same questions decided by Judge Murray". In particular, they alleged that the decision was in conflict with a decision of Judge Mason, rendered April 27, 1947, in the Baltimore City Court, in the case of *Flax v. Board of License Commissioners for Baltimore City;* a certified copy of this opinion was attached to the "Statement". The conflict was alleged to be "with regard to the meaning of 'substantial evidence' and the relationship between the administrative board and the Court on appeal".

It does not appear from the opinion of Judge Mason what type of license was involved. The Court stated that the main point was "whether or not there was any substantial evidence to support the Board's decision". * * * "You have the testimony of some people and, whatever I may think about their views or the Board may think about their views, they did protest the granting of a license, and they do live in the neighborhood and, on the question whether or not this place is in such close proximity to Seton Institute as to really affect it or not, it seems to me that I would be the one who was taking an arbitrary position by saying that the Board is wrong and that it would not be of any interest to people in Seton Institute * * *. I really believe that the decision of the Board is supported by substantial evidence. I am not saying that, if I had to make the first decision, my decision would be the same as the

Board's. I have to affirm the decision of the Board where there is any substantial evidence to support its finding".

On November 5, 1947, the appellee filed in this Court motions to dismiss the appeals on the grounds (1) that there was no showing that the appellants were qualified to maintain the appeals, (2) that none of the appellants were parties to the cause in the Circuit Court, and (3) that there was no showing of a conflict of decision within the meaning of the statute. On December 12, 1947, the individual appellants filed in this Court affidavits as to their residence in the First Precinct of the Fourth Election District, embracing the whole of Reisterstown.

The applicable statutory provisions are fould in art. 2B, sec. 63 of the Annotated Code 1943 Suppl., codified without substantial change as sec. 152, by ch. 501 of the Acts of 1947. Sec. 63 (1) provides: "Any licensee or applicant for a license, or any group of not less than ten persons who are residents or real estate owners in the precinct or voting district in which the licensed place of business is located or proposed to be located, may within ten days from the date of any final decision of a local board, appeal therefrom to the Circuit Court of the county, or in the city to the Baltimore City Court. * * *

"(2) An appeal may be commenced by docketing in the appropriate court, a petition stating that the petitioner is aggrieved by the action of the local board, and desires the court to review the same. Thereupon, a copy of the petition shall be served upon the local board, and the case shall be promptly assigned for trial. * * * the local board shall forward to the court * * * all pertinent papers and a transcript of any testimony * * *.

"(3) Upon the hearing of such appeal, the action of the local board shall be presumed by the court to be proper and to best serve the public interest. The burden of proof shall be upon the petitioner to show that the decision complained of was against the public interest and that the local board's discretion in rendering its

decision was not honestly and fairly exercised, or that such decision was arbitrary, or procured by fraud, or unsupported ·by any substantial evidence, or was unreasonable, or that such decision was beyond the powers of the board, and was illegal. The case shall be heard by the court without the intervention of a jury. * * *". Under certain circumstances the Court may hear additional testimony. "In such actions of appeal the local board * * * may be represented by some qualified attorney designated for such service by said board or official. * * * If the court reverses the action of the local board it shall file with the papers a written statement of the reasons therefor. The court may modify, as well as affirm or reverse, the action of the local board * * *.

"(4) The decision of the court thus given shall be final and effective at once. No further appeal shall lie to the Court of Appeals of the State, nor shall there be any other remedy by which the local board's decision may be reviewed in court, either by way of mandamus, injunction, *certiorari* or otherwise. However, if any Judge of the Circuit Court of any county, or the Baltimore City Court, shall in any case finally decide a point of law at variance with any decision previously rendered by any other Judge of the State on the same question, an appeal may be taken from the decision rendered to the Court of Appeals of Maryland. * * * The Court of Appeals shall only decide the question of law involved in such an appeal and shall not pass upon any question of fact".

A reading of these provisions indicates a clear legislative intention to restrict the right of appeal at every stage. It was not until 1943 that any appeal to the Court of Appeals was authorized, and local provisions for review by the trial courts were the exception rather than the rule. It has been frequently noted that the privilege granted or withheld to sell alcoholic beverages is not a property right. Moreover, we have held that a statute imposing upon the Circuit Court the duty of

issuing licenses in the first instance is unconstitutional, as imposing non-judicial duties. *Cromwell v. Jackson,* 188 Md. 8, 26, 52 A. 2d 79, 86. Concerning the nature of the appeal, we said: "It is argued that because under the provisions of the state-wide Act, Article 2B, appeals are given under Sections 63, 63A, 63B (1943) Supplement to the Circuit Courts of various counties, that if the Courts can pass upon the granting or refusal of liquor licenses on appeal, then granting or refusal of the liquor license in the first instance is a judicial function. By these sections the action of the local board is presumed to be to the best interest of the public. The burden of proof is on the appellant to show that the decision was arbitrary, not honestly exercised, procured by fraud, and beyond the powers of the board. Many other limitations are placed upon the Courts on appeal. It is evident that the liquor license board determines in the first instance the non-judicial matters, and the Court on appeal passes on whether the license board has acted fairly, honestly, and not in an arbitrary manner. The license board is the appointing agency and decides on the wisdom of granting the license and whether it is expedient to grant or refuse it. Whether or not an appeal is given by statute, where an administrative board acts in an arbitrary, fraudulent or collusive manner, and the parties are denied a hearing or consideration of essential facts, an appeal is allowed to the Courts. *Federico v. Bratten,* 181 Md. 507, 509, 30 A. 2d 776."

In *Hecht v. Crook,* 184 Md. 271, 280, 40 A. 2d 673, 677, we said: "In the last analysis, the question as to what decisions of an administrative agency are reviewable must turn upon the statute creating it, and upon the type and degree of discretion conferred upon the particular agency. Courts have the inherent power, through the writ of mandamus, by injunction, or otherwise, to correct abuses of discretion and arbitrary, illegal, capricious or unreasonable acts; but in exercising that power care must be taken not to interfere with the legislative prerogative, or with the exercise of sound administrative discretion, where discretion is clearly con-

ferred." In the *Hecht* case, as in the *Federico* case, *supra*, the statute provided no appeal. In the case at bar the statute provides an appeal to the Circuit Court and expressly denies review by resort to mandamus, injunction or otherwise. Compare *Dorman v. Mayor and City Council of Baltimore*, 187 Md. 678, 51 A. 2d 658.

In the hearing before the Board in the case at bar it was not obligatory for the Board to hear all protestants, if the testimony was merely cumulative, but the Board should have noted for the record the names and addresses of the protestants, so that, in the event of a decision adverse to them, the Court could determine their standing to press the statutory appeal. And on appeal by the applicant, it was incumbent upon the protestants, if they were not parties of record before the Board, to intervene prior to the determination of the cause by the Circuit Court. In *Mayor and City Council of Baltimore v. Shapiro*, 187 Md. 623, 51 A. 2d 273, on appeal from the Zoning Board, the trial court denied a petition by protestants to intervene after the decision was rendered. No appeal was taken from that ruling, but we held that the appeal was properly before us on behalf of the City.

"Ordinarily, none but parties to the cause can appeal, because, ordinarily, no others are bound or affected by the decree." *Hall v. Jack*, 32 Md. 253, 263. Intervention is a necessary preliminary to an appeal, unless an interest, adversely affected by the decree, is shown on the face of the record. *Pratt v. Johnson*, 6 Md. 397, 398. Even where intervention is granted, it is not controlling as to the right to appeal. *Lickle v. Boone*, 187 Md. 579, 51 A. 2d 162, 170 A. L. R. 156; *Preston v. Poe*, 116 Md. 1, 6, 81 A. 178.

In the case at bar there are special reasons why, on appeal to this court, the appellants should be parties of record. It is conceded in the briefs that the requirements of group appeal by residents or property owners within the Election District are applicable not only to appeals from the Board to the Circuit Court, but also to appeals from the Circuit Court to this Court. These jurisdictional facts should appear from the record, and in the

event of dispute, should be resolved by the Circuit Court where testimony can be taken. Aside from the affidavits filed here, there is no showing that appellants are qualified. In view of the concession above mentioned, in which the Board of Education joined by adopting the brief filed by the individual appellants, the Board of Education has no standing to appeal, even assuming, without deciding, that it could properly litigate a question unrelated, or distantly related, to school management.

We have had occasion, in a number of recent cases, to point out the limitations upon court review of the decisions of administrative tribunals. *Dorman v. Mayor and City Council of Baltimore, supra; Mayor and City Council of Baltimore v. Biermann,* 187 Md. 514, 50 A. 2d 804; *Heath v. Mayor and City Council of Baltimore,* 187 Md. 296, 49 A. 2d 799; *Lewis v. Mayor and City Council of Cumberland,* 189 Md. 58, 54 A. 2d 319; *Bosley v. Quigley,* 189 Md. 493, 56 A. 2d 835. These cases involved review of the exercise of zoning powers, or power to regulate utilities. The limitations apply with even greater force to liquor appeals, where property rights are not involved. *Cromwell v. Jackson, supra.* In the case at bar the statute itself furnishes a specific guide, and clearly limits review by the Circuit Court to cases where there was some arbitrary action or abuse of discretion by the Board.

The statutory appeal to this Court is still more limited. A decision by the Circuit Court, no matter how erroneous it may be, is final and not reviewable by this Court, unless it is shown that the trial Judge did "finally decide a point of law at variance with any decision previously rendered by any Judge of the State on the same question." We are directed to "only decide the question of law involved in such appeal and * * * not pass upon any question of fact."

For the reasons heretofore stated we think the motions to dismiss must be granted. Our conclusion makes it unnecessary to pass upon the third ground urged in support of the motion.

*Appeals dismissed, with costs.*