GIANFORTE ET AL. *v.* BOARD OF LICENSE
COMMISSIONERS FOR BALTIMORE CITY

[No. 157, October Term, 1947.]

*Decided May 20, 1948.*

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, and HENDERSON, JJ., and BAILEY, Circuit Judge, specially assigned.

*Alfred J. O'Ferrall, Jr.,* with whom were *Jos. H. A. Rogan* and *J. Francis Ford* on the brief, for the appellants.

*Richard W. Emory, Deputy Attorney General,* and *Clay Jewel,* with whom was *Hall Hammond, Attorney General,* on the brief, for the appellee.

BAILEY, Circuit Judge, by special assignment, delivered the opinion of the Court.

This appeal is from a judgment of the Baltimore City Court, affirming a decision of the Board of License Commissioners for Baltimore City, wherein the application of Sam Gianforte and Joseph E. Gianforte for a Beer and Light Wine License, Class A (Off Sale), at 5901 Reisterstown Road, was denied by the Board.

The Board held its hearing on August 5, 1947. At this hearing it was shown that the applicants conducted a general store at the above location, which is in a rather isolated section, with very few dwellings and zoned commercially; that on February 13, 1947 an application for a similar license at 5501½ Reisterstown Road was denied; that on April 4, 1946 an application for a Beer, Wine and Liquor License, Class A, at 5512 Reisterstown Road was denied; and that on September 10, 1945 an application for a Beer, Wine and Liquor License, Class B, at 6121 Reisterstown Road was denied. There were filed as exhibits a plat, confirming the isolation of the location, two photographs of the interior of the premises and a petition requesting the granting of the license signed by ninety-three persons. The inspector for the Board testified that the property had been properly posted and that there were no protests.

On August 13, 1947, the Board made its findings and passed an order disapproving the application and denying the license. This order states that "the records of this office show that applications in this section have been repeatedly disapproved by this Board" and cites five previous instances of denials, including the three mentioned above. The two additional applications which were disapproved were for licenses at 5900 Reisterstown Road and 6200 Reisterstown Road respectively. The Board's order then continues as follows:

"The Board is of the opinion that the public will not be inconvenienced if this application is disapproved and, as a matter of fact, that no necessity has been shown to exist for the granting of the license.

"Accordingly, the Board in the exercise of its judgment and discretion feels that it is obliged to disapprove the application and deny the license and it is so ordered."

From this order an appeal was taken to the Baltimore City Court on the grounds that the decision of the Board was arbitrary and discriminatory and that it was not supported by the evidence and was against the weight of the evidence. The case was heard by the Court on October 23, 1947, and on October 27 the order of the Board was affirmed and judgment was entered in favor of the Board for costs.

No opinion was filed by the Court in affirming the order. However, on the same day that the judgment was entered, Judge Mason, then presiding in the Baltimore City Court, wrote to the respective attorneys the following letter: "After carefully reading each memorandum I have decided to affirm the action of the Board of Liquor License Commissioners in the above-entitled matter."

The appeal to this Court, filed on November 25, 1947, is based upon the contention that the decision in the instant case is at variance with two former decisions involving the same question of law, namely, the decision of Judge Moser in the case of Food Fair Stores, Inc., 2525 Greenmount Avenue, entered on September 18, 1946, and the decision of Chief Judge Smith in the case of Riviera Restaurant entered on October 5, 1945, both in the Baltimore City Court on appeals from the Board of License Commissioners for Baltimore City.

On February 12, 1948, the appellee filed in this Court a motion to dismiss the appeal on the ground that, under Section 149 (e) of Article 2B of the Annotated Code of Maryland, 1947, Cumulative Supplement, the decision of the Baltimore City Court is final and that "no further appeal shall lie to the Court of Appeals of the State", with the one exception that "if any Judge of the Circuit

Court of any county, or the Baltimore City Court, shall in any case finally decide a point of law at variance with any decision previously rendered by any other Judge of the State on the same question, an appeal may be taken from the decision rendered to the Court of Appeals of Maryland", and that this appeal does not come within the exception.

In the opinion in the case of *Brashears v. Lindenbaum*, 189 Md. 619, 625, 56 A. 2d 844, 850, the applicable statutory provisions are set out as found in Section 63, Article 2B of the Annotated Code, 1943 Supplement, and codified without substantial change as Section 152, Article 2B, by Chapter 501, Acts of 1947. This section, as amended in a minor matter, which does not affect the instant case, by Chapter 774, Acts of 1947, is now codified as Section 149, Article 2B, Annotated Code, 1947 Cumulative Supplement. It would serve no useful purpose to insert these statutory provisions again at length in this opinion. We will point out, however, that by Section 149(d) it is provided that "the burden of proof shall be upon the petitioner to show that the decision complained of was against the public interest and that the local board's discretion in rendering its decision was not honestly and fairly exercised, or that such decision was arbitrary, or procured by fraud, or unsupported by any substantial evidence, or was unreasonable, or that such decision was beyond the powers of the board, and was illegal." We have already quoted the pertinent provision with respect to appeals to this Court.

It is interesting to note that Article 2B as originally enacted by Chapter 2, Acts of Special Session, 1933, provided that appeals from the local licensing boards should be taken to the State License Bureau. Appeals to the Courts were first authorized by Chapter 438, Acts of 1941, with respect to Montgomery County, and by Chapter 686, Acts of 1941, with respect to Baltimore County. By both Acts it was provided that in the judgment of the Court affirming, modifying or setting aside, in whole or in part, any order of the local board should be final.

Chapter 714, Acts of 1943, substituted an appeal to the Courts for the former appeal to the State License Bureau, in Baltimore City and in most of the counties, and for the first time authorized an appeal to the Court of Appeals in the limited manner which is still in full force and effect.

Commenting upon these provisions in *Brashears v. Lindenbaum, supra,* this Court has noted that there is indicated in them a clear legislative intention to restrict the right of appeal at every stage. The Court states that in the matter of the appeal from the board to the Court "the statute itself furnishes a specific guide, and clearly limits review by the Circuit Court" (or in this case, by the Baltimore City Court) "to cases where there was some arbitrary action or abuse of discretion by the Board." The opinion then continues: "The statutory appeal to this Court is still more limited. A decision by the Circuit Court, no matter how erroneous it may be, is final and not reviewable by this Court, unless it is shown that the trial Judge did 'finally decide a point of law at variance with any decision previously rendered by any Judge of the State on the same question.' We are directed to 'only decide the question of law involved in such appeal and * * * not pass upon any question of fact.' " The conclusion reached by the Court in that case made it unnecessary for the Court to decide if there was a showing of a conflict of decision within the meaning of the statute.

However, in the present case, the question is directly presented and must be considered. The opinions only in the cases decided by Judge Moser and Chief Judge Smith are included in the record in this case, and the facts of each case can be determined only from the opinion therein. From the opinion of Chief Judge Smith in the Riviera Restaurant case, the only conclusion to be drawn is that there was involved the granting of a license for the sale of beer and wine to a restaurant, already established in a fully developed neighborhood. The opinion of Judge Moser in the Food Fair Stores, Inc. case sets

out the facts in full. The applicant in that case conducted a super food market at 2515 Greenmount Avenue, a highly developed commercial area. Its customers came from many widely scattered sections of north and northeast Baltimore. And for five years, from 1935 to 1940, a license of the same character had been granted to an applicant operating in the same store on a concessionaire basis. The facts in neither of these cases are similar to the facts in the instant case. A study of the two opinions does not disclose that either of the two judges did "finally decide a point of law." Judge Mason's letter to the attorneys, which is the only opinion in this case, certainly decided no point of law. In all three cases the Baltimore City Court reviewed the facts. It found in two cases that the order of the Board should be reversed and in the third that it should be affirmed. The question of determining from the facts, in the first instance, whether or not an applicant should be granted a license, is a nonjudicial duty which has been conferred upon the license board. The board is the appointing agency and decides on the wisdom of granting the license or whether it is expedient to grant or refuse it. The Court on appeal passes on whether the license board has acted fairly, honestly and not in an arbitrary manner. *Cromwell v. Jackson*, 188 Md. 8, 52 A. 2d 79. Upon an appeal to this Court we cannot review the action of the lower Court except within the narrow limits as allowed by the statute.

This Court has held that whether or not an appeal is given by statute, where an administrative board acts in an arbitrary, fraudulent or collusive manner, and the parties are denied a hearing or consideration of essential facts recourse is allowed to the Courts. *Federico v. Bratten*, 181 Md. 507, 30 A. 2d 776.

In *Hecht v. Crook*, 184 Md. 271, 40 A. 2d 673, 677, we said: "Courts have the inherent power, through the writ of mandamus, by injunction, or otherwise, to correct abuses of discretion and arbitrary, illegal, capricious or unreasonable acts; but in exercising that power care must be taken not to interfere with the legislative prerogative,

or with the exercise of sound administrative discretion, where discretion is clearly conferred." In the case at bar relief is not sought through the writ of *mandamus* or by injunction, but by the appeal which is provided by the applicable statute, which expressly purports to deny review by resort to *mandamus,* injunction or otherwise. The question of the applicability of the legal principles announced in the Hecht and Federico cases, *supra,* is not before us in this appeal.

It is contended by the appellants that whether or not an administrative board has acted unreasonably, whether or not the findings of fact made by an administrative board are supported by substantial evidence and whether or not the decision of the administrative board was arbitrary are all questions of law. In a sense it is true that such questions are questions of law, or at least mixed questions of law and fact. *Federal Radio Comm. v. Nelson,* 289 U. S. 266, 53 S. Ct. 627, 77 L. Ed. 1166, 89 A. L. R. 406. But it does not follow that the point of law decided in the case at bar was "at variance with any decision * * * on the same question". Whether a particular ruling is unsupported by evidence or arbitrary must necessarily depend upon the particular facts presented. Before we can review a "final" decision of the trial court, there must be such a well defined conflict that the decision in one case would operate to overrule the other, if rendered by the same court. Compare *West Disinfecting Co. v. Trustees,* 135 Tex. 492, 143 S. W. 2d 749, 750 and *Greulich v. Monnin,* Ohio App., 45 N. E. 2d 212, 224. We do not find such a conflict in the instant case. Hence the appeal must be dismissed.

*Appeal dismissed, with costs.*