SUTTLEMAN *v.* BOARD OF LIQUOR LICENSE
COMMISSIONERS FOR BALTIMORE CITY ET AL.

[No. 65, October Term, 1955.]

*Decided February 15, 1956.*

The cause was argued before BRUNE, C. J., and DELA-
PLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

*Albert L. Sklar*, with whom were *Henry R. Wolfe* and
*Leonard. Feinglass* on the brief, for the appellant.

*Juanita Jackson Mitchell* for the appellees.

BRUNE, C. J., delivered the opinion of the Court.

The appellant operated a restaurant and tavern since
1942 under a Class B beer, wine and liquor license at
501 North Central Avenue in Baltimore City. It became
necessary for him to move because that property was
taken, or was about to be taken, under condemnation
proceedings by the City for a redevelopment project.
He first sought, in November, 1953, to move to the 800
block of North Gay Street and to change his license to an
amusement license. That application was denied by
the Board of Liquor License Commissioners for Balti-
more City (the "Liquor Board") because it was found
that the requested license was not necessary for public
convenience and accommodation at that location. The
appellant then sought another location, and in 1954 filed
an application for the transfer of his license from the
Central Avenue address to a location at Fayette Street
and Carrollton Avenue, which is in a different section
of the City.

The Liquor Board held a hearing on December 1, 1954,
at which both proponents and opponents of the transfer
were heard, and petitions signed by others for or against

the transfer were filed. The Morning Star Baptist Church, one of the appellees, was among the protestants. On December· 10, 1954, the Liquor Board granted the appellant's application; and on December 20, 1954, the Morning Star Baptist Church and other protestants took an appeal to the Baltimore City Court in accordance with Code (1951), Article 2 B, Section 166, sub-sections (a), (b) and (c). On January 4, 1955, the Liquor Board duly filed a transcript of the record of the proceedings before it, and on the same day the applicant (now the appellant) was permitted to intervene as a defendant. On January 21, 1955, in accordance with sub-section (d) (1) of Section 166 of the Article cited, the case was submitted to Judge Manley, then sitting in the Baltimore City Court, without a jury. The case was held *sub curia,* and on April 29, 1955, the Judge filed an opinion and order reversing the ruling of the Liquor Board, and judgment was entered for the plaintiffs (appellees) for costs. The applicant appealed to this Court under sub-section (e) of the same Section of the Code.

The scope of the appeal to the Baltimore City Court is limited under sub-section (d), and the scope of the appeal allowed to this Court under sub-section (e) is still more limited. *Brashears v. Lindenbaum,* 189 Md. 619, 56 A. 2d 844; *Payson Street Neighborhood Club v. Board of Liquor License Commissioners,* 204 Md. 278, 103 A. 2d 847.

Under sub-section (e) of Section 166 the decision of the Circuit Court, or of the Baltimore City Court, is declared to be "final and effective at once," except that an appeal to this Court (but no other form of review) is permitted, "if any judge of the Circuit Court of any county, or the Baltimore City Court, shall in any case finally decide a point of law at variance with any decision previously rendered by any other Judge of the State on the same question." This sub-section further provides that "The Court of Appeals shall only decide the question of law involved in such an appeal and shall not pass upon any question of fact." The statutory his-

tory of the present provisions relating to appeals from the grant or denial of applications for liquor licenses is fully set forth in the *Brashears* and *Payson Street Club Cases,* above cited, and in *Gianforte v. Board of Liquor License Commissioners,* 190 Md. 492, 58 A. 2d 902, and we shall not repeat it here.

The obligation rests upon the appellant to show that the trial Judge decided a point of law at variance with the decision of another Judge of the State on the same question. *Payson Street Neighborhood Club v. Board, supra.* In this case the appellant has not included in the record a copy of any other opinion or decision of another Judge on any question. Cf. the *Brashears* and *Gianforte* cases, above cited. In the latter, copies of the other opinions, with which the opinion appealed from was said to be in conflict, were included in the record, and the question sought to be raised was treated as properly presented. In the *Brashears* case, a similar practice was followed, and a certified copy of the other decision was included (though this Court noted that it was done without leave of Court). The omission from the record of a copy of any allegedly conflicting decision is alone enough to call for the dismissal of the appeal. The existence of a conflicting opinion on a question of law is essential to the right of appeal, and such a basis for an appeal should be shown in the record. See the *Brashears Case,* where it was held that certain other jurisdictional facts should appear from the record. The appellant has sought to meet the jurisdictional requirement of a conflicting opinion on a question of law by printing in his brief a copy of the opinion of Judge Mason in the Baltimore City Court in the case of *Samuel Gilden v. Board of Liquor License Commissioners for Baltimore City,* in October, 1947. Even if this opinion had been properly included in the record and was accordingly properly before us, we find no conflict on a point of law between that decision and Judge Manley's decision in the present case. The cases are similar in that each involved a review of the Liquor Board's decision on whether or not there was

need for additional tavern facilities in a particular neighborhood. Judge Mason upheld a ruling of the Liquor Board denying an application for a license, holding that the Board had sufficient evidence before it to warrant its action. In the present case, Judge Manley overturned a ruling of the Liquor Board granting a transfer of a license where a similar question of fact was involved.

Both Judge Manley in this case and Judge Mason in the *Gilden Case* recognized that it is primarily for the Liquor Board to decide whether an additional license is or is not needed in a given area for the accommodation of the public. Each of them recognized the limitations upon judicial review expressed in what is now Section 166 (d) (1) of Article 2 B of the Code. The affirmance of the Board in the *Gilden Case* and its reversal in the present case were due to the results arrived at by the application of the same legal yardstick in both cases. From the standpoint of ultimate result, both cases came out the same way—the license (or application for the transfer of a license) was denied, and for the same basic reason, that there was no public need for the additional tavern in the particular area.

The appellant (at page 7 of his brief) seeks to establish a conflict between Judge Manley's ruling and Judge Mason's opinion by this interpretation of Judge Manley's decision: that "Judge Manley has ruled * * * that the Court may determine whether the public's interest demands that there be every type of license available in a particular area." What Judge Manley actually held, we think, was that on the facts of this case and within the limitations of Section 166 (d) (1), the court could review the action of the Liquor Board to determine whether or not its action in approving the transfer of an additional license to an area already having a number of licenses was arbitrary or unreasonable. We find no conflict between this holding and Judge Mason's view that "it remains *primarily* for the Board to decide when the saturation point has been reached and what variety

of places is required to accommodate the public." (Emphasis supplied.)

In reaching his decision in the present case, Judge Manley observed that "There is no necessity that there should be every type of license in every map area. A holding to that effect would not be in the public interest." The appellant (at page 5 of his brief) puts a different interpretation on Judge Manley's ruling from that stated on page 7 of his brief, and claims that this amounts to a determination that, as a matter of law, it would be against the public interest to have every type of license in every map area. We think that this interpretation of Judge Manley's comment is not warranted. He simply refused to hold that every area had to have every type of license. Judge Mason's opinion does not suggest any rule of law contrary to that view.

In no aspect of the matter, whether upon the record, which is devoid of any decision at variance with that sought to be reviewed, or upon the opinion included in the appellant's brief, do we find any variance between judicial decisions on a point of law. Under the statute, in the absence of such a variance, the correctness of the decision of the trial court is not open for review by this Court. *Brashears v. Board; Payson Street Neighborhood Club v. Board, supra.* The appeal must, accordingly, be dismissed.

In view of this conclusion, the other point raised by the appellant is not now properly before us. His contention is that because more than thirty days elapsed between the date when the record before the Liquor Board was filed in the Baltimore City Court and the date when the appeal was determined, there is an automatic affirmance of the Liquor Board's decision under Section 166 (d) (3) of Article 2 B of the Code (1951). The record fails to show that any such point was made in the trial court. Because the foundation for an appeal is lacking it is unnecessary to consider whether Rule 9 of our Rules and Regulations respecting Appeals would pre-

clude our consideration of the point, and we express no opinion thereon.

The record is equally silent with regard to any extension of the time for decision, which might bring the case within the exception to automatic affirmance which is also expressed in Section 166 (d) (3). The record does not show what, if any, were the terms, other than those inferable from the statute, upon which the case was submitted and taken under advisement, or whether there was any agreement or assent to delay. Here, too, for the same reason as is stated in the preceding paragraph, it is not necessary for us to express any opinion, and we express none, with regard to the effect of the automatic affirmance provision or the existence or availability of any exception thereto in this case. Compare *Snyder v. Cearfoss,* 186 Md. 360, at 370, 46 A. 2d 607, at 611, which involved a delay of more than two months in decision of a case contra to a provision (Article IV, Section 23) of the Maryland Constitution, which imposed no penalty for delay. That provision was treated as merely directory, and the trial court was held not to have lost its jurisdiction to pass upon a motion for a new trial.

Because no conflict of judicial decisions on a point of law has been shown, the appeal must be dismissed.

*Appeal dismissed, with costs.*