253 Md. 687 (1969)
253 A.2d 713
ROGERS, ET AL.
v.
MARYLAND-NATIONAL CAPITAL PARK AND PLANNING COMMISSION
[No. 263, September Term, 1968.]
Court of Appeals of Maryland.
Decided May 30, 1969.
Motion for rehearing filed June 30, 1969.
Denied July 7, 1969.
The cause was argued before HAMMOND, C.J., and BARNES, FINAN, SINGLEY and SMITH, JJ.
Edward Lee Rogers, in proper person, with whom was Raye Page, in proper person, for appellants.
Harry W. Lerch, with whom was Sanford E. Wool on the brief, for appellee.
FINAN, J., delivered the opinion of the Court.
At the conclusion of the plaintiffs' (appellants) case, the court below dismissed their bill requesting injunctive relief, not only on the ground of lack of standing of the plaintiffs to maintain this action but also on the merits of the case. We agree with the chancellor's finding of lack of standing and see no justification for extending this opinion beyond that threshold question.
On June 8, 1954, The Maryland-National Capital Park and Planning Commission (appellee) adopted a development plan for Rock Creek Park, Units 2 and 3 in Montgomery County, Maryland, which was approved by the National Capital Planning Commission on June 10, 1954. This plan, among other improvements, provided for the extension of Beach Drive.
Having completed three of four sections of Beach Drive, in June, 1967, the appellee retained an engineering firm to prepare specifications in accordance with the 1954 plan for the last section in Unit 3. Feeling that the proposed recreational development was too intensive, the appellee directed its staff to *689 prepare a revision in the plan to lessen development. The revised plans were submitted to the National Capital Planning Commission, where they failed approval by a tie vote, leaving the original 1954 plan in full force and effect. The Commission then advertised and accepted bids for the construction of the park drive.
The appellants filed their bill seeking injunctive relief against any action of the Commission to construct Beach Drive "unless and until the defendant Commission seeks and obtains the approval of the National Capital Planning Commission for the construction of such road, * * * publishes notice of and holds a public hearing to consider the plan or plans containing such proposed road, and * * * develops a plan for the park area in question that provides for the development, beautification or maintenance of the park area."
Appellee, in its answer, denied that the plaintiffs had any standing to sue, and affirmatively alleged that "its engineering plans and specifications for the construction of the extension of Beach Drive were prepared from the 1954 plan and are in accordance with it." After denying other material allegations, the appellee also affirmatively alleged that the action "was brought in bad faith, without substantial justification, for the purpose of delay and harassment."
Judge Shure gave the following reasons as to why the court found a lack of standing on the part of the plaintiffs:
"The plaintiffs are listed as Edward Lee Rogers and Miss Raye Page and Thomas Silk. None of these three plaintiffs have testified, according to my recollection and my notes. There has been absolutely no testimony of any standing to proceed in this case; not even a suggestion of any deprivation of any legal rights to which they might be entitled. So the suit, of necessity, would have to be dismissed for lack of any standing to request such an injunction. There is no testimony from any source. But I will review this case because I understand the feelings, at least of some in the area, which must have prompted this suit." (Emphasis supplied.)
*690 The appellants seek to establish their standing to maintain this action by relying on the allegations set forth in their bill of complaint claiming residence, property ownership, payment of taxes, status as an aggrieved property owner, use of Rock Creek Park and proximity to Rock Creek Park. They also endeavor to prove their standing by implication. None of the plaintiffs having testified, they now argue that since Mrs. Edward Lee Rogers testified, the deduction may legitimately be drawn that her evidence proves that one of the parties, namely her husband, was a taxpayer and an aggrieved property owner. It should be noted that Mrs. Rogers was testifying, not for the purpose of establishing standing but rather, as a "naturalist" concerning the esthetic ambience of the park. We think that the sole testimony of Mrs. Rogers, revealing her name and address, buttressed by the presumption, in which we may engage, that husband and wife are living together, presents too fragile a link to satisfy the burden of proof required in a suit for injunctive relief. The plaintiff in such an action must prove every material allegation by a preponderance of evidence. Hayes v. Covington, 183 Md. 506, 510, 39 A.2d 475 (194); see cases cited in M.L.E. Injunctions § 112, at 325. Contrary to the appellants' assumption, pleadings should be proven, not merely corroborated.
We think the question of the standing of the parties plaintiff in this case is governed by Kennerly v. Mayor and Council of Baltimore, 247 Md. 601, 233 A.2d 800 (1967), wherein Chief Judge Hammond writing for the Court stated:
"Their claim that they had standing in the City Court and have standing here as taxpayers likewise must fail. Under the wording of the statutes and the decision in City of Baltimore v. Byrd, 191 Md. 632, they are right in their contention that a showing they were taxpayers, without a further showing of aggrievement, would give them standing. Their fatal difficulty is that they have not shown they were taxpayers.
"They claim that their allegation under oath that they were taxpayers is enough. The law is against them. A verified pleading does not of itself constitute *691 evidence of the facts alleged therein. Brashears v. Lindenbaum, 189 Md. 619, 628-629; Webster v. Archer, 176 Md. 245, 250-253; Farmer v. Assoc. Professors of Loyola College, 166 Md. 455, 461. * * *." Id. at 605.
The appellee in its answer specifically denied the appellants' allegation as to standing contained in paragraph III of the bill.
It should be borne in mind that the plaintiffs actually presented their evidence in this case. We are not here reviewing the lower court's action in sustaining a demurrer to the bill, as was the posture on appeal presented by the cases of McKaig v. City of Cumberland, 208 Md. 95, 116 A.2d 384 (1955); Masson v. Reindollar, 193 Md. 683, 69 A.2d 482 (1949); and Matthaei v. Housing Authority, 177 Md. 506, 9 A.2d 835 (1939).
If the issue of the appellants' standing to sue were to rest, not on their capacity as tax payers but rather on their status as a "resident," "park user" or "citizen," it would be necessary that there be evidence in the record supporting the fact that the public wrong sought to be redressed created special damages to the plaintiffs different from that suffered by the public at large:
"In situations where the complainant is seeking to redress a public wrong, he has no standing in court unless he has also suffered some special damages from such wrong differing in character and kind from that suffered by the general public. Cases of this character in which the right has been denied are Houck v. Wachter, 34 Md. 265, 6 Am. Rep. 332; Crook v. Pitcher, 61 Md. 510; Davidson v. Baltimore, 96 Md. 509, 53 A. 1121; Turner v. King, 117 Md. 403, 83 A. 649; Bauernschmidt v. Standard Oil Co., 153 Md. 647, 139 A. 531; Cook v. Normac Corp., 176 Md. 394, 4 A.2d 747; Ellicott v. City of Baltimore, 180 Md. 176, 23 A.2d 649." Weinberg v. Kracke, 189 Md. 275, 280, 55 A.2d 797 (1947).
Cf. Shore Acres Imp. Ass'n v. Anne Arundel Co. Bd., 251 Md. 310, 317, 247 A.2d 402 (1968). Bryniarski v. Montgomery *692 County, 247 Md. 137, 144, 230 A.2d 289 (1967); Town of Somerset v. Board, 245 Md. 52, 59, 225 A.2d 294 (1966). The record in this case is devoid of any evidence that the appellants sustained special damages differing in character from that suffered by the general public.
Order dismissing bill of complaint affirmed, appellants to pay costs.