486 A.2d 810

**Elwood JAMISON, et al.**

**v.**

**James R. BROWNING, et al.**

**No. 577, Sept. Term, 1984.**

Court of Special Appeals of Maryland.

Jan. 16, 1985.

Thomas B. Dabney, Jr., Oakland, for appellants.

David N. Shaffer, Oakland, for appellee, Board of License Commissioners for Garrett County.

Thomas R. Janes, Oakland (Burnett, Eiswert, Crawford & Janes, P.A., Oakland, on brief), for appellee, Browning.

Argued before WILNER, ADKINS and ALPERT, JJ.

ADKINS, Judge.

When the Garrett County Liquor Control Board/Board of License Commissioners granted appellee James R. Browning a special class D liquor license, appellants Elwood Jamison and others appealed to the Circuit Court for Garrett County (Leasure, J.). The court affirmed the board. Appellants have now brought their grievances here, but we shall not address them because we hold the appeal must be dismissed for lack of jurisdiction.

By virtue of Art. 2B, § 175(a) the decision of a county board of liquor license commissioners may be appealed to the appropriate circuit as provided in subsection (b). Subsection (f) makes the circuit court decision final: "No further appeal shall lie" from that decision unless "any judge of the circuit court of any county shall in any case finally decide a point of law at variance with any decision previously rendered by any other judge of the State on the same question. . . ." No argument is made here that there is another trial court decision conflicting with that of Judge Leasure in this case. Thus, if Art. 2B, § 175(f) applies we must dismiss the appeal. *Suttleman v. Board of Liquor License Commissioners*, 209 Md. 134, 120 A.2d 388 (1956).

Appellants argue that § 175(f) is inapplicable because the Garrett County Liquor Control Board is a State agency. Therefore, they assert, the appeal provisions of the Administrative Procedure Act now codified as §§ 10–215 and 10–216 of the State Government Article, control. Under those provisions there is an appeal to this court as of right from the decision of a circuit court rendered on appeal from a State administrative agency in a contested case.

■ We assume, without deciding, that this case is a contested one within the APA definition. State Government Art. § 10–201(c). The question is whether the board is a State agency. The APA defines an agency as, *inter alia,* "an officer or unit of the State government authorized

by law to adjudicate contested cases...." Section 10–201(b)(1).

Art. 2B, § 153 provides:

In Garrett County, the liquor control board is hereby declared to be a State agency to administer the provisions of this article and as such is clothed with discretionary powers, in granting, refusing, revoking or suspending licenses for the sale of alcoholic beverages, within the limits proscribed under this article.

We know little of the legislative history of this statute except that (with some differences not here pertinent) it was initially adopted by Chs. 547 and 611 of the Acts of 1967.[1] The general purpose of those Acts was to create the liquor control board and to eliminate the liquor licensing powers of the county commissioners, who had theretofore sat *ex officio* as a board of liquor license commissioners pursuant to Art. 2B, § 151 (Code, 1957, 1966 Supp.).

At first reading § 153 would seem to support appellant's position. But like so many matters arising out of Art. 2B, the question is not so simple. To answer it, that is to ascertain the true legislative intent, we must look to the general scheme of Art. 2B as well as several of its specific provisions. *See Turner v. State,* 61 Md.App. 1, 484 A.2d 641 at 644–645 (1984) (statutes in *pari materia* are to be construed harmoniously, giving effect to the provisions of each).

As a general matter the State policy evidenced by Art. 2B is to be administered and enforced by two types of agencies: "local boards of license commissioners and liquor control boards...." Art. 2B, § 1(a)(2). For present purposes, the

---

1. Ch. 547 amended Art. 2B, § 151 to delete Garrett from the list of counties in which the county commissioners sat as a liquor license board and amended § 153 to add Garrett to the list of counties having a "State agency" liquor control board. Ch. 611 made technical changes in § 153 (chiefly to list the counties in alphabetical order) and inserted, what is now § 159(c)(6), by adding Garrett to the list of counties in which the liquor control board was also designated the board of liquor license commissioners.

former are primarily concerned with the issuance of liquor licenses. *See, e.g.* § 54(a) (applications for most types of licenses to be filed "with the board of license commissioners ... or the clerk of the circuit court ... if there be no such board") and §§ 148–158 (setting forth in detail the composition, powers, procedures, and compensation applicable to these boards). The latter are designed chiefly to purchase and sell alcoholic beverages, § 163, and to operate county dispensaries, § 161. *See* generally §§ 159–168. Separate subtitles of Art. 2B establish the principal powers and duties of each type of agency.

It is not uncommon for members of some of these bodies to wear two hats. For example, in several counties the county commissioners serve *ex officio* as the board of license commissioners (§ 151), as was once the case in Garrett County. We conclude that two hats are still *a la mode* in Garrett County, so far as the liquor control board is concerned. That is, we think its members may sit as a board of license commissioners or as a liquor control board, depending upon the function being performed at the time.

As we have seen, Art. 2B in general vests the local liquor licensing function in boards of license commissioners. The statutes dealing with this activity are generally written with reference to those boards, not with reference to liquor control boards. While § 153 could be read broadly enough to give the Garrett County Liquor Control Board all the duties of a board of license commissioners, the legislative intent appears to have been otherwise. Significant here is § 159(c)(6) which in pertinent part provides: "In Garrett [County] the [liquor control] board shall also be known as the board of license commissioners ... upon which shall be devolved all the duties and rights given elsewhere in this article." What is now § 159(c)(6) was adopted by one of the same Acts that adopted § 153. Ch. 611, Acts of 1967.

When we read § 153 and § 159(c)(6) together it becomes apparent that the legislature intended to establish two boards in Garrett County; two boards with identical mem-

bership, but each performing a different function. Sitting as a liquor control board, established by § 159, those members were to perform the duties and exercise the powers prescribed by §§ 160–168. Sitting as a board of license commissioners they were to carry out the activities prescribed for those boards in other portions of the article— "all the duties and rights given elsewhere in this article." [2] This construction is consistent with the general provisions of Art. 2B and makes them readily applicable. It provides a harmonious and logical reading of §§ 153 and 159(c)(6), taken together.

Moreover, it is in accord with the construction the board itself seems to have placed on the statutes. Its letterhead bears the legend "Liquor Control Board of Garrett County" and (in larger letters) "Board of License Commissioners." The application in this case is addressed to the "board of license commissioners." The notice of hearing advises that an application has been filed "with the Board of License Commissioners of Garrett County" and that there will be a hearing "in the office of [not before] the Liquor Control Board." The notice is "By Order of the Board of License Commissioners of Garrett County." It is fair to assume that these forms of documents were not adopted just for this case; no one suggested anything to the contrary when we raised the point at oral argument. Such administrative construction where, as here, it is not plainly inconsistent with the statute, should not be disregarded when judicial construction is undertaken. *See Baltimore & Ohio RR Co. v. Bowen,* 60 Md.App. 299, 305, 482 A.2d 921 (1984). In the

---

**2.** That the same individuals act as members of both boards does not violate the prohibition against holding two offices of profit "created by the Constitution or Laws of this State...." Declaration of Rights, Art. 35. Although the members of the Garrett County Liquor Control Board receive compensation in that capacity, Art. 2B, § 159(h)(1), no salary is specified for their service as license commissioners. "Where no salary is specified for such boards which serve ex officio, the members thereof are to receive no additional compensation...." Section 155(a).

absence of legislative history to the contrary we hold that this construction represents the legislative intent.

That being so, it follows that when Browning applied for and received his special class D license, he was before the board of license commissioners. Such a board is not a State agency within the contemplation of the APA. *Valentine v. Board of License Commissioners*, 291 Md. 523, 435 A.2d 459 (1981).[3] Therefore, the judicial review provisions of § 175(f) apply and under them we must dismiss this appeal.

APPEAL DISMISSED. APPELLANTS TO PAY THE COSTS.

---

**3.** Whether the Garrett County Liquor Control Board is a State agency within contemplation of the APA, when its members are acting in that capacity, is a question we need not and do not decide.